CREIGHTON C. BECKER v. BYRON GUSTAVE BECKER

No. 8721DC601

(Filed 2 February 1988)

1. **Divorce and Alimony § 30— equitable distribution—rental value of residence after separation—no marital property**

   The trial court in an equitable distribution proceeding erred in classifying as marital property the rental value of the marital residence during the post-separation period when it was occupied by defendant, since, for the purpose of classification of property, the marital estate is frozen as of the date of separation; however, the trial court is not foreclosed from considering the post-separation use of the marital residence in reaching its decision as to whether an equal distribution is equitable.

2. **Divorce and Alimony § 30— equitable distribution—oriental rugs and furniture—marital property**

   Evidence in an equitable distribution proceeding was sufficient to allow the trial court to draw the reasonable inference that oriental rugs and an antique secretary were gifts to the parties' marriage and hence were marital property, or that the rugs and secretary were acquired by defendant during the marriage, but not by gift, hence making them marital property.

APPEAL by defendant from *Burleson, Lynn P., Judge.* Judgment entered 21 January 1987 in FORSYTH County District Court. Heard in the Court of Appeals 3 December 1987.

Plaintiff filed a complaint on 12 June 1984 seeking an absolute divorce and equitable distribution. On 7 November 1984 defendant was granted an absolute divorce. On 21 January 1987 the trial court entered its equitable distribution judgment distributing the marital property of the parties. Defendant appealed.

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Ronald B. Black, for plaintiff-appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr. and Christopher L. Beal, for defendant-appellant.*

WELLS, Judge.

The trial court concluded that an equal division of the marital estate was equitable in this case. Defendant does not take issue with this conclusion. Defendant's two assignments of error deal with the trial court's classifying as marital property: (1) the rent-

Becker v. Becker

al value of the marital residence for a period of approximately three years, during which time defendant occupied the marital residence to the exclusion of the plaintiff; and (2) classifying as marital property five oriental rugs and an antique secretary. We deal with these questions in order.

[1] The trial court found that the marital residence had a rental value during the post-separation period when it was occupied by defendant. Defendant does not take issue with the value component found by the trial court, but argues that the trial court was without authority to include any such value in the marital estate. We agree with defendant. N.C. Gen. Stat. § 50-20(b)(1) provides:

(1) "Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties. . . .

Thus, the statute makes it clear that for the purpose of *classification* of property (as either marital or separate) the marital estate is frozen as of the date of separation. While its components clearly may increase in value after separation and before distribution, *see e.g. Swindell v. Lewis*, 82 N.C. App. 423, 346 S.E. 2d 237 (1986), no new property may be added to the marital estate after the date of separation.

Our decision does not mean that a trial court is foreclosed from considering the post-separation use of the marital residence in reaching its decision as to whether an equal distribution is equitable. G.S. § 50-20(c) contains provisions pertinent to this issue as follows:

(c) There shall be an equal division . . . unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property equitably. Factors the court shall consider under this subsection are as follows:

. . .

(11a) Acts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert such marital property, during the period after separation of the parties and before the time of distribution; and

(12) Any other factor which the court finds to be just and proper.

The evidence and findings in the present case show that during the period of separation, for about three years, defendant had the exclusive use of the marital residence, but maintained it and paid taxes and insurance on it. All of these are factors the trial court may consider on remand in making its determination as to whether an equal distribution is equitable; or, if not, what unequal but equitable distribution should be made.

[2] In its judgment, the trial court found that five oriental rugs and an antique secretary in the parties' residence were marital property. Defendant contends that the evidence at trial clearly showed that the rugs and secretary were gifts to him from his mother and therefore should have been classified as his separate property. We disagree. The evidence was conflicting as to how the rugs and secretary came to the parties' residence. In a non-jury trial, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary. *See Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.,* 288 N.C. 338, 218 S.E. 2d 368 (1975). The reasonable inferences to be drawn from the evidence are for the trial court's determination. *See Hodges v. Hodges,* 257 N.C. 774, 127 S.E. 2d 567 (1962). We conclude that the evidence on this issue allowed the trial court to draw the reasonable inference that the oriental rugs and the secretary were gifts to the parties' marriage and hence were marital property, or that the rugs and secretary were acquired by defendant during the marriage, but not by gift, hence making them marital property. *See* G.S. § 50-20(b)(1). Defendant's second assignment of error is overruled.

We do not require a new trial, but order that the trial court reconsider its judgment on the existing record, and enter a new judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges PHILLIPS and PARKER concur.