ROBERT K. MISHLER v. DOROTHY H. MISHLER

No. 8726DC1045

(Filed 3 May 1988)

1. **Divorce and Alimony § 30— equitable distribution—parties' intent to keep finances separate—insufficient evidence**

   The trial court in an equitable distribution proceeding did not err in failing to find that the parties intended to keep their finances separate during the course of their marriage where the parties had their own individual checking accounts, but defendant used her savings to make mortgage payments on real property which plaintiff had purchased prior to the marriage, and defendant herself contended that no such financial arrangement existed.

2. **Divorce and Alimony § 30— equitable distribution—debts not properly considered**

   In a proceeding for equitable distribution, it was questionable whether the trial court gave proper consideration to the issue of debts where the court on direct examination refused to allow plaintiff to list his debts, and the court improperly set an arbitrary limit on the time allowed for cross-examination of plaintiff and told defendant that any time taken in cross-examination would be deducted from the time allotted for legal argument.

3. **Divorce and Alimony § 30— equitable distribution—formula to determine separate and marital interests proper**

   The trial court's formula for determining the amount of marital interest and separate interest in certain properties was appropriate.

4. **Divorce and Alimony § 30— equitable distribution—post-separation appreciation of marital property—failure to consider**

   The trial court erred in failing to consider evidence of post-separation appreciation of marital property in determining the equitable shares of distribution under N.C.G.S. § 50-20(c).

5. **Divorce and Alimony § 30— equitable distribution—lump sum pension payment—marital property**

   In an equitable distribution proceeding, the trial court properly classified defendant's lump sum pension payment as marital property and properly valued the pension at the net lump sum value, that is, at the amount of the lump sum after payment of taxes by defendant.

APPEAL by plaintiff from *Brown (L. Stanley), Judge*. Judgment entered 27 May 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 12 April 1988.

Plaintiff and defendant were married on 9 March 1979. After five years of marriage, the parties separated on 7 November 1984 and were divorced on 12 May 1986. Each party submitted an equitable distribution affidavit to the court, and on 27 May 1987 a judgment for equitable distribution was entered where it was determined that the parties would receive equal shares of the marital property. From this judgment plaintiff appeals and defendant sets out cross-assignments of error.

*Casstevens, Hanner, Gunter & Gordon, by Robert P. Hanner II, for plaintiff appellant.*

*DeLaney and Sellers, by Timothy G. Sellers, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff first contends that the trial court erred in not allowing additional evidence and in failing to make findings of fact concerning the parties' intent to keep their finances separate during the course of their marriage. We disagree.

Despite the fact that the parties had their own individual checking accounts, the record is replete with evidence that no

such informal agreement by the parties ever existed. Defendant used her savings to make mortgage payments on real property that plaintiff had purchased prior to the marriage. Defendant, herself, contends that no such financial arrangement existed. What is obvious from the record is that the trial court simply did not believe plaintiff's argument. Plaintiff's contention is totally without merit.

Plaintiff next contends that the trial court erred in classifying certain property as marital and in its valuation of that property. We disagree.

For the most part, plaintiff's contentions concerning certain small items of personal property are frivolous and we decline to discuss each one separately. The fact that these items were acquired during the marriage and the fact that defendant listed them as marital in her equitable distribution affidavit is sufficient evidence that these items were marital.

Concerning the value of these items, plaintiff's basic argument is that the trial court did not accept his estimated value but valued most of the assets at or near defendant's estimated value. This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial court's figures. Counsel is cautioned that such arguments are a waste of this Court's time.

There is one item in plaintiff's list which seems to have been incorrectly classified as wholly marital in nature while there is only evidence to support a finding that it is part separate and part marital at best. This error, however, in view of the total value of the marital property, is of such limited significance as not to require a recomputation of the respective awards to the parties. *See Harris v. Harris*, 84 N.C. App. 353, 352 S.E. 2d 869 (1987); *see also Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E. 2d 519 (1987). We reemphasize that in the complex litigation of equitable distribution, this Court will not remand a judgment for obviously insignificant errors.

Plaintiff next contends that the court erred in classifying a $20,000 loan and a $3,000 loan as marital. We disagree. The loans were made during the marriage and the trial court simply did not believe plaintiff's testimony that the loans were made only to him.

[2]   Plaintiff also contends that the trial court erred "by failing to consider the debts of the parties when determining what constitutes an equitable distribution of the marital property, by failing to make necessary findings of fact regarding the identification of those debts which comprised marital debts, and by failing to make proper conclusions of law to support its order."

In a case involving equitable distribution, a trial court is required to consider the liabilities of each party whether the debts are joint or individual. *Geer v. Geer*, 84 N.C. App. 471, 353 S.E. 2d 427 (1987); G.S. 50-20(c)(1). In the present case, during plaintiff's testimony concerning these matters, the following transpired on direct examination:

Q. What is your present debt situation, Mr. Mishler?

A. Oh, about $50,000.00.

Q. Can you list that for us right quick?

THE COURT: SUSTAINED. The Affidavit includes that, and if it doesn't, so be it.

In addition, the court improperly restricted defendant's cross-examination of plaintiff by setting an arbitrary limit on the time that the court would allow for cross-examination. The court told defendant that any time taken in cross-examination would be deducted from the time allotted for legal argument. The trial court was incorrect in taking such action. Defendant argues in a cross-assignment of error that this prevented her from, among other things, inquiring about plaintiff's expenses.

The two incidences above make it questionable whether the trial court gave proper consideration to the issue of debts and this case must be remanded to allow the parties sufficient opportunity to present and refute evidence on this matter.

Both plaintiff and defendant contend that the trial court erred in its classification, valuation and distribution of certain real property. Before dealing with these contentions, an explanation of the facts involving this property is needed.

On 6 July 1977, prior to the parties' marriage, plaintiff purchased two lots in Sunset Beach for a price of $10,700. His down payment and his contribution towards the principal before mar-

riage amounted to $4,880. The balance of the principal, $5,820, was paid during the marriage. The combined fair market value of the two lots at the date of marriage was $14,000. The fair market value at the date the parties separated was $40,000. The trial court determined that the lots were part separate and part marital in nature. In determining the separate and the marital interest in the property, the trial court used the following formulas:

$$\$40,000 \times \frac{\$\ 5,820}{\$14,000} = \$16,629 \text{ of marital interest}$$

$$\$40,000 \times \frac{\$\ 8,180}{\$14,000} = \$23,371 \text{ of separate interest}$$

The $14,000 figure, which represents the total contribution to the acquisition of the property, consisted of the actual payments both separate and marital, and the $3,330 increase in the fair market value from the date of purchase to the date of marriage.

Twelve mobile home lots in Holden Beach, North Carolina were also purchased by plaintiff before the marriage. As with the two lots above, marital funds were used to pay off the remainder of the principal after marriage. The same formula was used to determine the separate and marital interest in the Holden Beach property, with the court adding to plaintiff's separate contribution the appreciation of the property between the date of purchase and the date of marriage. Other real property, including the marital residence in Huntersville, North Carolina, was also classified, valued and distributed. In its division of marital property, the trial court distributed the Holden Beach lots, the Sunset Beach lots and the Huntersville property to plaintiff. Between the time of the parties' separation and the date of the equitable distribution hearing, the value of these properties had increased substantially.

Plaintiff's first contention concerning these properties is that the court erred in classifying them as part separate and part marital because of the parties' informal marital agreement to keep their finances separate. Having already determined that there was ample evidence to refute plaintiff's claim, and that the trial court did not err in finding against plaintiff on the issue of this informal agreement, we turn to plaintiff's next contention.

[3] Plaintiff argues that the trial court erred in determining the separate and marital interest in the Sunset Beach and Holden

Beach properties by adding to the separate contribution figure the appreciation of the properties between the date of purchase and the date of marriage. Plaintiff specifically contends that he simply should have been credited with the passive appreciation that accrued to those properties prior to the parties' marriage.

Concerning the trial court's formula, defendant cross-assigns as error the fact that the trial court included the appreciation in the formula. She contends that plaintiff's separate interest should be comprised only of his actual payments.

We first emphasize that equitable distribution cases regularly involve unique circumstances. "Spouses do not conduct their economic lives to fit distributional theories." Sharp, *The Partnership Ideal: The Development of Equitable Distribution in North Carolina*, 65 N.C. L. Rev. 195, 218 (1987). Inequitable results could be produced by rigid reliance on any one formula. *Id.* at 219. Such rigid reliance would be inconsistent with the partnership ideal and the general equitable goals of our equitable distribution statute. *Id.* After careful review, we have determined that in this particular case, the trial court did not err by using the formula in question.

[4] Concerning the Sunset Beach, Holden Beach and Huntersville properties, defendant cross-assigns as error the fact that when the marital property was distributed, these properties were awarded to plaintiff without considering any adjustment based on the fact that these properties had increased substantially in value between the date of separation (valuation date) and the date of distribution. We agree.

Marital property is to be valued as of the date of the parties' separation. G.S. 50-21(b). This valuation date is used to determine the equitable distributive share of each party. However, where there is evidence of active or passive appreciation of the marital assets after that date, the court must consider such appreciation as a factor under G.S. 50-20(c)(11a) or (12), respectively. *Truesdale v. Truesdale*, No. 8712DC249, slip op. at 8 (N.C. App. 5 April 1988). There are no findings indicating that the court considered the evidence of post-separation appreciation in determining the equitable shares of distribution under G.S. 50-20(c). Accordingly, the court on remand must consider whether subsequent post-separation appreciation of the parties' marital property requires a

new equitable distribution and, if needed, the award of adjustive credits to effect new distribution shares.

[5]    Both parties also contend that the trial court erred in its handling of defendant's pension plan. The following facts are necessary by way of explanation.

While the parties were married, defendant was employed by Home Health Care of Mecklenburg County. As part of her employment, defendant participated in a contribution pension plan which was to vest in 1990. Home Health Care dissolved its business in 1983 and in December of 1984, a plan was adopted, terminating the pension plan effective as of 24 June 1984. This amendment was authorized by the Pension Benefit Guarantee Corporation in January of 1985. In February of that year, defendant received a lump sum in the amount of $17,053.18 of which $16,203.18 was left after taxes.

At the hearing for equitable distribution, the trial court classified this pension as marital property and divided it equally between the parties. The trial court valued the pension at $16,203.18, the net lump sum value.

G.S. 50-20(b)(1) states that "(m)arital property includes all vested pension, retirement, and other deferred compensation rights. . . ." The vested accrued benefit is calculated as of the date of separation. G.S. 50-20(b)(3)(d).

At the date of distribution the trial court was dealing with an amended pension plan which listed the vesting date prior to the date of separation. The trial court was correct to classify the benefits as marital property. The trial court was also correct to value the pension by subtracting from the lump sum award, the taxes which defendant paid upon receiving the benefits before the hearing was held. It would not have been equitable for defendant to have paid all of the taxes on the benefits while plaintiff received half of the proceeds. G.S. 50-20(c) states "(t)here shall be an equal division by using net value of marital property. . . ." The trial court did not err in classifying the pension benefit as marital. The court was also correct in valuing the pension at its net value.

We have examined plaintiff's remaining contentions and the remainder of defendant's cross-assignments of error and have

determined them to have been answered in this opinion or to be without merit. This case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges ORR and GREENE concur.