DOROTHY ROGERS v. GENE ROGERS AND LEWIS ROGERS

No. 8730DC1115

(Filed 31 May 1988)

**Divorce and Alimony § 30— equitable distribution—tractor company as gift to husband—no appreciation through efforts of spouses—company as separate property**

The trial court in an equitable distribution proceeding properly determined that a tractor company owned by defendant was separate and not marital property where the evidence showed that the company was a gift to defendant and his brother from their father, and where there was no evidence of active appreciation of the value of the company due to contributions of plaintiff and/or defendant.

APPEAL by plaintiff from *John J. Snow, Jr., Judge.* Order entered 19 August 1987 in District Court, HAYWOOD County. Heard in the Court of Appeals 6 April 1988.

*McLean & Dickson, P.A., by Russell L. McLean, III, for plaintiff-appellant.*

*Stephen J. Martin for defendant-appellees.*

BECTON, Judge.

Plaintiff, Dorothy Rogers, brought this action against defendant, Gene Rogers, seeking a divorce and equitable distribution of their marital property which was not previously disposed of under a separation agreement. Specifically, this nondisposed property consisted of a business known as Haywood Tractor and Implement Company (Haywood Tractor) which defendant managed through a partnership with his brother, co-defendant Lewis Rogers. The trial judge found that Gene and Lewis Rogers acquired Haywood Tractor by gift from their father, Ernest Rogers, during Gene's marriage to plaintiff. However, because there was no evidence that the marital estate contributed to an increase in Haywood Tractor's value, it was not subject to equitable distribution. Plaintiff appeals. We affirm.

I

Dorothy and Gene Rogers were married in April 1955. During the latter part of 1955 or early in 1956, Gene Rogers began

working for Haywood Tractor, which was then owned by his father, Ernest Rogers. Lewis Rogers also worked for Haywood Tractor on a part-time basis. During the first six months of his employment, Gene did not receive a salary, but he was permitted to take money from the company for food, and he was provided a free house and automobile. After six months, he was paid a salary of $50.00 per week. His salary increased to $90.00 per week during the early 1960's. It increased to $150.00 per week in the 1970's and remained so until the date of separation.

On 27 October 1981, Gene and Lewis Rogers executed a partnership agreement regarding the ownership of Haywood Tractor. The value of the business at the time it was acquired by Ernest Rogers, as well as its value at the time it was transferred to Gene and Lewis Rogers is unknown.

Dorothy Rogers takes exception to all of the trial judge's findings of fact regarding the manner in which Gene and Lewis Rogers acquired the business. Her sole contention on appeal is that the trial judge erred by concluding that Haywood Tractor and Implement Company was Gene Rogers' separate property.

## II

N.C. Gen. Stat. Sec. 50-20(b) defines marital and separate property, in pertinent part, as follows:

(1) "Marital property" means all real and personal property *acquired by either spouse* or both spouses *during the course of the marriage and before the date of the separation* of the parties, and presently owned, *except property determined to be separate* property in accordance with subdivision (2) of this section.

(2) "Separate property" means all real and personal property acquired by a spouse before marriage or *acquired by a spouse by* bequest, devise, descent, or *gift during the course of the marriage.* (Emphasis added.)

Under N.C. Gen. Stat. Sec. 50-20(c), only marital property is subject to distribution. The only evidence regarding the transfer of the business to Gene and Lewis Rogers was their testimony and that of Ernest Rogers. Each of them testified that in 1978, Ernest Rogers gave the business to the two brothers without any

consideration. Gene Rogers had no ownership interest before that time. The trial judge's conclusion that Gene Rogers' interest in Haywood Tractor was separate property was thus supported by competent evidence.

The inquiry does not end here, however. This Court recognized in *Wade v. Wade*, 72 N.C. App. 372, 325 S.E. 2d 260, *disc. rev. denied*, 313 N.C. 612, 330 S.E. 2d 616 (1985), that active appreciation of the value of separate property due to contributions of either spouse during marriage is nonetheless marital property, and therefore, is subject to equitable distribution. Thus, if the evidence showed active appreciation of the value of Haywood Tractor due to contributions of Gene and/or Dorothy Rogers, then that increase would be subject to equitable distribution. Although Dorothy Rogers presented evidence of Gene Rogers' seemingly meager salary when he worked for the business during the time before and after he acquired an ownership interest, the record is devoid of any evidence that his salary was less than the standard compensation for someone in his position. Thus, there is no evidence of any surreptitious contributions by him to Haywood Tractor and Implement Company. Similarly, the record is devoid of any evidence of resulting active appreciation of the Haywood Tractor and Implement Company, notwithstanding the evidence of the business' value in 1978, when it was acquired by Gene Rogers, and its value in 1983, when the parties separated. This assignment of error is therefore overruled.

Judgment is affirmed.

Judges JOHNSON and GREENE concur.