FAYMA J. NYE, Plaintiff v. KENNETH E. NYE, Defendant

No. 8910DC1268

(Filed 18 September 1990)

**Divorce and Alimony § 21.9 (NCI3d)— equitable distribution— unequal division of property—no error**

The trial court did not err in an equitable distribution action by finding that an unequal distribution was equitable where plaintiff was awarded one hundred percent of the marital assets and defendant one hundred percent of the sale price of a five percent stock interest in a closely-held corporation which he had helped to organize. The finding of fact that defendant's stock had no net value when the parties separated was based largely on the value testimony of defendant's experts, who testified that the stock then had no market and net value because it was minority stock in a company that was then losing money and apparently would continue doing so. Although plaintiff contended that the court disregarded the testimony of her expert to the effect that the stock's value when the parties separated was substantially the same as it was a year later when the company was sold, the court did not overlook or fail to consider the testimony of plaintiff's expert, but simply did not believe it.

**Am Jur 2d, Divorce and Separation §§ 900, 901, 930, 947.**

APPEAL by plaintiff from judgment entered 24 May 1989 by *Judge Fred M. Morelock* in WAKE County District Court. Heard in the Court of Appeals 29 May 1990.

*Stratas & Weathers, by Nicholas A. Stratas and Aida Fayar Doss, for plaintiff appellant.*

*Wyrick, Robbins, Yates & Ponton, by Robert A. Ponton, Jr., for defendant appellee.*

PHILLIPS, Judge.

In this action for equitable distribution the trial court found that an unequal distribution is equitable and awarded plaintiff one hundred percent of the marital assets valued at $116,226.20 and defendant one hundred percent of the $568,545.75 sale price of

his five percent stock interest in Jet Corr, Inc., a closely held corporation that defendant helped organize. Defendant's stock was sold incident to the purchase of Jet Corr, Inc. by another concern a year after the parties separated. The sale proceeds were awarded to defendant upon findings that the shares had no net value when the parties separated and the post-separation appreciation was largely due to defendant's efforts in helping obtain additional financing which enabled the company to acquire some needed new equipment and led to it being bought. Other findings were to the effect that when the parties separated defendant still owed nearly $100,000 on the stock, and the company was underfinanced and losing money, with no apparent prospects of doing better. Though plaintiff argues to the contrary, all of the court's findings of fact are supported by competent evidence, the established facts of the case are as stated in the findings, *Duke v. Hill*, 68 N.C. App. 261, 314 S.E.2d 586 (1984), and the award to defendant was not error.

The finding of fact that defendant's stock had no net value when the parties separated, crucial to the validity of the judgment, is based largely on the value testimony of defendant's experts, who testified in substance that the stock then had no market and net value because it was minority stock in a company that was then losing money and apparently would continue doing so. Nevertheless, plaintiff strongly contests this finding upon the ground that the court disregarded the testimony of her expert witness to the effect that the stock's value when the parties separated was substantially the same as it was a year later when the company was sold. The argument has no merit. For the court did not overlook or fail to consider the testimony of plaintiff's expert as plaintiff's argument implies, it simply did not believe it. Because in stating that it disregarded the testimony the court expressly found that the testimony of this witness was not credible, and determining the credibility of the evidence was the court's province as finder of the facts. *Nix v. Nix*, 80 N.C. App. 110, 341 S.E.2d 116 (1986). For a fact finder to disbelieve the testimony of a witness is not an error of law.

It having been established by the court's findings of fact that defendant's stock had no value when the parties separated and that its increase in value was largely due to his efforts, the award of the post-separation increase to defendant was authorized by

**NYE v. NYE**

[100 N.C. App. 326 (1990)]

G.S. 50-20(c)(11a) and (12). *Truesdale v. Truesdale*, 89 N.C. App. 445, 366 S.E.2d 512 (1988).

Affirmed.

Judges ARNOLD and COZORT concur.