YVONNE B. CHANDLER, Plaintiff/Appellee v. JACK L. CHANDLER, Defendant/Appellant

No. 9114DC812

(Filed 17 November 1992)

1. **Divorce and Separation § 119 (NCI4th)— equitable distribution—post-separation net rental income from marital property—distributional factor**

The trial court erred in an equitable distribution action by classifying and distributing as marital property post-separation rental income from marital property. Rental income received from marital property between the date of separation and the date of the equitable distribution action may not be added to the marital estate. The trial court must consider the existence of the income, determine to whose benefit it has accrued, and then consider that benefit when determining whether an equal or unequal distribution of the marital estate would be equitable.

**Am Jur 2d, Divorce and Separation §§ 878-881.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

2. **Divorce and Separation § 135 (NCI4th)— equitable distribution—findings—post-separation depreciation, payments of debt, gifts—consideration as distributional factors**

The trial court in an equitable distribution action made sufficient findings as to the value at separation of all marital properties, the post-separation payment of marital debt, appreciation in the value of two limited partnerships, and the gift of stock to the parties' children, but did not make required findings as to the post-separation depreciation of three partnerships and a stock account and made insufficient findings to show that it considered the evidence that was presented under the distributional factors of N.C.G.S. § 50-20(c).

**Am Jur 2d, Divorce and Separation §§ 937-949.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

CHANDLER v. CHANDLER

[108 N.C. App. 66 (1992)]

**Divorce: equitable distribution doctrine. 41 ALR4th 48.**

APPEAL by defendant from judgment entered 29 January 1991 by *Judge David Q. Labarre* in DURHAM County District Court. Heard in the Court of Appeals 14 September 1992.

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by J. William Blue, Jr., for plaintiff-appellee.*

*Gulley, Eakes, Volland & Calhoun, by Michael D. Calhoun and John L. Saxon, for defendant-appellant.*

WYNN, Judge.

Plaintiff and defendant were married on 4 September 1954. Four children were born of the marriage, all of whom were emancipated adults under no disability at the time of trial. Plaintiff sought an absolute divorce which was granted on 27 September 1990. Subsequently, an order for equitable distribution was entered on 29 January 1991 wherein the trial judge held that an equal division of property was equitable and divided the parties' property accordingly. The court found as fact that defendant received $140,796.63 of income from marital assets during the period between separation and the equitable distribution action. From that amount, the court further found that defendant made tax payments on marital property, capital contributions, and mortgage payments on the marital home totaling $41,639. The court gave the defendant a credit for these payments against the total income received, leaving a total net post-separation income of $99,157.63. The court concluded that this rental income obtained from properties owned by the parties as tenants by the entirety was "marital property" subject to distribution and ordered the defendant to pay plaintiff $49,578.82, representing one-half of the net rental income. From this order of the trial court, defendant appeals. Additional facts will be discussed as necessary for a proper resolution of the issues raised on appeal.

I.

[1] Appellant first assigns as error the trial court's classification and distribution as "marital property," of the $99,157.63 in post-separation net rental income received by defendant from rental properties owned by the parties as tenants by the entirety. He contends that post-separation rental income obtained from marital

property is not itself subject to distribution as "marital property" under North Carolina's equitable distribution statute. We agree.

North Carolina General Statute § 50-20(b)(1) defines marital property as "all real and personal property acquired by either spouse or both spouses *during the course of marriage and before the date of separation of the parties*, and presently owned except property determined to be separate property." (Emphasis added). Property is not part of the marital estate unless it is owned by the parties on the date of separation. N.C. Gen. Stat. § 50-20(b); *Lawrence v. Lawrence*, 100 N.C. App. 1, 16, 394 S.E.2d 267, 275 (1990); *Becker v. Becker*, 88 N.C. App. 606, 607, 364 S.E.2d 175, 176 (1988). Under our equitable distribution statute, only property meeting this definition of "marital property" is subject to equitable distribution. *See* N.C. Gen. Stat. § 50-20(a); *Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. rev. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985); *Rogers v. Rogers*, 90 N.C. App. 408, 409, 368 S.E.2d 412, 413 (1988). The statute provides no authority to distribute non-marital property or separate property.

Accordingly, this Court has held that post-separation appreciation of a marital asset, whether passive appreciation or appreciation due to the efforts of an individual spouse, is not marital property and cannot be distributed by the court. *Truesdale v. Truesdale*, 89 N.C. App. 445, 448, 366 S.E.2d 512, 514 (1988). In *Truesdale*, Judge Greene, writing for this Court stated that:

> [t]he post separation appreciation of marital property is itself neither marital nor separate property. *Such appreciation must instead be treated as a distributional factor* under Section 50-20(c)(11a) or (12) since: (1) Section 50-20(b)(1) restricts the definition of marital property to property "acquired . . . before the date of separation"; (2) Section 50-21(b) mandates the valuation of marital property on the date of separation; and (3) Section 50-20(b)(2) limits the scope of separate property to property acquired before marriage or "by bequest, devise, descent or gift during the course of marriage."

*Id.* (citations omitted) (emphasis added).

Thus, an increase in the value of a marital asset which occurs after separation of the parties but before the date of the equitable distribution trial, should be considered pursuant to N.C.G.S. § 50-20(c)(11a) or (c)(12) as a "distributional factor" by the court

## CHANDLER v. CHANDLER

[108 N.C. App. 66 (1992)]

in its determination of what constitutes an equitable distribution of the marital estate. Section 50-20(c)(11a) covers the "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert such marital property, during the period after separation of the parties and before the time of distribution." Section 50-20(c)(12) is a "catchall provision" under which the court may consider, "[a]ny other factor which the court finds to be just and proper." Pursuant to Section 50-20(c)(12), any "[m]arked increases or decreases in the value of property not caused by either party's acts between the date of separation and the date of the equitable distribution action could . . . be considered . . . as an 'any other distributional factor.'" *Truesdale*, 89 N.C. App. at 448-49, 368 S.E.2d at 515 (citations omitted).

Post-separation appreciation and depreciation of marital property have consistently been viewed as distributional factors under Section 50-20(c)(11a) and (c)(12). *See generally Truesdale*, 89 N.C. App. 445, 366 S.E.2d 512; *Nye v. Nye*, 100 N.C. App. 326, 396 S.E.2d 91 (1990), *disc. rev. denied*, 328 N.C. 92, 402 S.E.2d 416 (1991); *Atkins v. Atkins*, 102 N.C. App. 199, 401 S.E.2d 784 (1991). This Court has also held in *Becker v. Becker*, that the rental value of the marital home during the period of separation is not a proper consideration for the court to include in the marital estate because "no new property may be added to the marital estate after the date of separation." 88 N.C. App. at 607, 364 S.E.2d at 176. A trial court may, however, consider the post-separation use of the marital home as a residence, as a "distributional factor" in determining whether an equal distribution is equitable. *Id.* at 607-08, 364 S.E.2d at 177.

It follows therefrom, that rental income received from marital property between the date of separation and the date of the equitable distribution action may not be added to the marital estate. Rather than distributing the sums representing the income received from marital property, the trial court must consider the existence of this income, determine to whose benefit the income has accrued, and then consider that benefit when determining whether an equal or unequal distribution of the marital estate would be equitable. Where, as in this case, the post-separation income is not a result of either party's action, the income could be considered as an "any other distributional factor" under Section 50-20(c)(12).

The evidence and findings in the present case show that during the period of separation, defendant received and had exclusive use of $140,796.63 in income from various marital assets. Defendant used some of the income received to make tax payments on marital property, reduce the outstanding mortgage against the marital home, and make capital contributions which increased the capital value of limited partnerships held as marital property. All of these are factors the trial court may consider on remand in making its determination as to whether an equal distribution is equitable; or, if not, what unequal distribution is equitable.

As this Court pointed out in *Truesdale*, where as here, there has been no exchange, contribution or conversion of marital funds or assets since separation, the "source of funds" theory does not apply to convert the post-separation income into a marital asset. 89 N.C. App. at 449, 366 S.E.2d at 515. Following *Truesdale*, we likewise, *reject* the notion that

> it is harmless error to distribute such [rental income] so long as it is distributed in the same ratio deemed equitable under Section 50-20(c): the trial court cannot determine in the first place what an equitable distribution ratio would be without first considering evidence of this [income] as a distributional factor under Section 50-20(c)(11a) or (12).

*Id.*

Thus, while it is apparent that the trial judge attempted to make an equitable distribution between the parties, he failed to follow the mandates of North Carolina's equitable distribution statute. Our legislature expressed its intent through the use of very restrictive language in the equitable distribution statute. By considering post-separation income as a distributional factor, the court can distribute marital property in an equitable manner while adhering to the requirements and definitional standards set out in our equitable distribution statute.

## II.

[2] Appellant also contends that the trial court erred by failing to make sufficient findings of fact with respect to the post-separation depreciation in the values of defendant's partnership interests and stock account, post-separation payments of marital debts, and the post-separation gift of stock to the parties' children. He further contends that the trial court failed to consider each of the above

post-separation activities as a distributional factor in determining whether an equal division of property was equitable.

Defendant testified and presented Schedule K-1's, "Partner's Share of Income, Credits, Deductions, Etc.," regarding the market value of his interests in five limited partnerships for 1987, the date of separation, and 1989, the date of the equitable distribution. The evidence presented tends to show that the total value of defendant's interests in three limited partnerships, namely, Executive Park, Eno Trace, and Research Triangle Associates, decreased by $50,839.00 between the date of separation and the equitable distribution. However, the value of defendant's interest in two other limited partnerships, Sedwick Associates and Southern Pines One, increased by $15,623.00 and $13,607.00, respectively. Thus, the changes in value represented by all of these partnership interests resulted in a net loss of $21,609.00.

With respect to the depreciation in value of defendant's stock account, defendant's evidence consisted of his own testimony that the market value at the time of the distribution hearing was one-third of its date of separation value. As to the post-separation payment of marital debts, the defendant submitted evidence tending to indicate that he made over $150,000.00 in payments on marital debts during the post-separation period. Finally, the evidence tends to show that subsequent to the date of separation of the parties, the defendant made gifts of approximately 1,600 shares of J-Rod, Inc. stock to the parties' children.

When evidence is presented from which a reasonable finder of fact could determine that an equal division would be inequitable, the trial court is required to consider the distributional factors set forth in N.C.G.S. § 50-20(c), "but guided always by the public policy expressed . . . [in the Act] favoring an equal division." *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). Pursuant to N.C.G.S. § 50-20(j), the trial court then must "make written findings of fact that support the determination that marital property has been equitably divided." Therefore, written findings of fact are required in every case in which a distribution of marital property is ordered under the Equitable Distribution Act, not merely when property is divided unequally. *Armstrong v. Armstrong*, 322 N.C. 396, 403, 368 S.E.2d 595, 599 (1988).

"The purpose for the requirement of specific findings of fact that support the court's conclusions of law is to permit the appellate

CHANDLER v. CHANDLER

[108 N.C. App. 66 (1992)]

court on review 'to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law.' " *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) ). This only requires that the court make findings as to ultimate rather than evidentiary facts. *Id.* at 407, 348 S.E.2d at 595. The trial court is not required to recite in detail the evidence it considered in determining what division is equitable. *Armstrong*, 322 N.C. at 405, 368 S.E.2d at 600.

In the case at bar, the court made the following findings of fact with respect to the *payment of marital debts:*

10. That with the post-separation funds which the Defendant acknowledges receiving, he has made tax payments on marital property in the amount of $3,931.00 for the home on Pinafore Drive and $5,058.00 for the property on 15-501 Boulevard. In addition, the court finds that he has made capital contributions to Southern Pines One and Sedwick Associates which have increased the capital account in those partnerships in the amounts of $13,607.00 and $15,623.00, respectively. In addition, he has reduced the outstanding principal due on the mortgage against the marital home in the amount of $3,600, for which the Court in its discretion, has determined that the Defendant is entitled to a credit for those payments against the post-separation income which he has received, but the court further determines that in light of the fact that most of the other expenses which the Defendant claims are related to interest payments which did not increase the capital value nor did it diminish outstanding indebtedness, that the Defendant has used the interest payments and depreciation of marital property to reduce his personal income tax liability and that the Court further believes that the Defendant has not acknowledged all of the cash to which he had access subsequent to the separation of the parties.

The court's findings as to the post-separation *gift of stock to the parties' children* are as follows:

6.(a) . . . Subsequent to the separation of the parties, the Defendant made an additional gift to his children of approximately 1,600 shares of J-Rod, Inc. stock. The Plaintiff, Mrs. Chandler did not consent to such transfer and did not waive her marital interest in the stock which the Defendant trans-

ferred, and as such, the Court finds that the marital property of the parties at date of separation includes 2,779 shares of stock in J-Rod, Inc. at a value of $62.44 per share as of the date of separation.

After reviewing the findings of fact, we find that the trial court made sufficient findings as to the value at separation of all marital properties. In addition, the findings as to post-separation payment of marital debt, appreciation in the value of two limited partnerships and the gift of stock to the parties' children are sufficient. As this court has previously stated, the general rule is that "[u]pon appellate review of a case heard without a jury the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain a finding to the contrary." *Draughon v. Draughon*, 82 N.C. App. 738, 740, 347 S.E.2d 871, 872 (1986), *cert. denied*, 319 N.C. 103, 353 S.E.2d 107 (1987) (citations omitted).

The trial court did not, however, make findings as to the post-separation depreciation in the value of defendant's interest in three partnerships and the post-separation depreciation of the Peeler stock account. As discussed previously, findings as to these and other factors must be made and considered pursuant to N.C.G.S. § 50-20(c)(11a) or (12) when evidence concerning them is introduced, in determining whether marital property has been equitably divided. *Truesdale*, 89 N.C. App. at 450, 336 S.E.2d at 516.

The trial court stated that it "considered all of the factors set out in statute [sic] and . . . determined that an equal division by using net value of all marital property as of the date of separation would be equitable in this case." This conclusion, even taken in conjunction with the court's findings of fact, does not provide this Court with the information necessary for appellate review. *Armstrong*, 322 N.C. at 406, 368 S.E.2d at 600.

Here, the court made insufficient findings to show that it considered the evidence that was presented under the distributional factors of N.C.G.S. § 50-20(c). Specifically, we hold that the court made insufficient findings as to the post-separation depreciation in the value of defendant's partnership interest and the value of the Peeler stock account.

IN RE COWLES

[108 N.C. App. 74 (1992)]

III.

We have examined defendant's remaining assignment of error and find it to be without merit.

The order of equitable distribution is vacated and the matter is remanded to the trial court for further proceedings in accordance with this opinion.

Chief Judge HEDRICK and Judge LEWIS concur.