LINDA M. LEIGHOW, Plaintiff v. THOMAS M. LEIGHOW, Defendant

No. COA95-89

(Filed 7 November 1995)

### 1. Divorce and Separation § 145 (NCI4th)— equitable distribution—categorizing of mortgage notes—no error

The trial court did not err in categorizing mortgage notes as marital property, determining that the income on the notes accrued to defendant's benefit during separation, distributing the notes to defendant, considering as a distributional factor the fact that plaintiff should have been entitled to one-half of the post-separation interest income from the notes, and determining that an unequal distribution of the marital estate in favor of plaintiff would be equitable.

**Am Jur 2d, Divorce and Separation § 918.**

### 2. Divorce and Separation § 143 (NCI4th)— unequal distribution of property—award supported by three distributional factors

The trial court's finding of three distributional factors was sufficient to support its conclusion that an equal division would not be equitable.

LEIGHOW v. LEIGHOW

[120 N.C. App. 619 (1995)]

**Am Jur 2d, Divorce and Separation §§ 930 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**3. Divorce and Separation § 155 (NCI4th)— plaintiff's post-separation use of residence—repairs paid for by plaintiff— no credit given defendant**

There was no merit to defendant's contention that the trial court erroneously failed to award defendant credit for plaintiff's exclusive post-separation use of the marital residence where the evidence showed that, although plaintiff did have exclusive use of the residence after separation, she also was forced to spend considerable sums to repair and maintain the home.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**4. Divorce and Separation § 136 (NCI4th)— valuation of marital residence—sufficiency of evidence to support**

The trial court did not err in its valuation of the marital residence where there was plenary competent evidence to support the court's valuation of the residence, notwithstanding defendant's assertion that his expert witnesses were more "qualified and certified" than plaintiff's experts.

**Am Jur 2d, Divorce and Separation §§ 937 et seq.**

**Necessity that divorce court value property before distributing it. 51 ALR4th 11.**

**5. Divorce and Separation § 174 (NCI4th)— authority to execute documents given to clerk of court—judgment not overturned**

The judgment in this equitable distribution action was not required to be reversed because it placed in the clerk of court rather than the court itself the authority to execute documents to effectuate property transfers as specified in the judgment.

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

Appeal by defendant from judgment entered 13 June 1994 by Judge Earl J. Fowler, Jr. in Buncombe County District Court. Heard in the Court of Appeals 29 September 1995.

*Robert E. Riddle, P.A., by Cecilia Johnson, for plaintiff-appellee.*

*Steven Andrew Jackson for defendant-appellant.*

WALKER, Judge.

Plaintiff and defendant were married on 11 January 1969. They separated on 13 November 1992 and were divorced on 25 January 1994. On 13 June 1994, the trial court entered a judgment of equitable distribution valuing the marital estate at $408,423.81 and awarding 51% to plaintiff and 49% to defendant. Defendant appeals.

[1] In his first assignment of error, defendant argues that the trial court erred in its treatment of post-separation interest income from two mortgage notes acquired by the parties during their marriage. Defendant relies on *Godley v. Godley*, 110 N.C. App. 99, 429 S.E.2d 382 (1993) for the proposition that post-separation income derived from marital property does not meet the definition of marital property under N.C. Gen. Stat. § 50-20. While we agree with the holding in *Godley*, it is inapplicable to the present case. The trial court did not classify the post-separation interest on the notes as marital property. The amount of the interest income was not included in the trial court's calculation of the net marital estate nor did the court distribute the income as marital property. Rather, the court's judgment categorized the mortgage notes themselves as marital property, distributed them to defendant, and considered as a distributional factor the fact that "[p]laintiff should have been entitled to one half" of the post-separation interest income from the notes.

In *Chandler v. Chandler*, 108 N.C. App. 66, 422 S.E.2d 587 (1992), this Court held that post-separation rental income received from marital property may not be added to the marital estate or distributed as marital property; rather, "the trial court must consider the existence of this income, determine to whose benefit the income has accrued, and then consider that benefit when determining whether an equal or unequal distribution of the marital estate would be equitable." *Id.* at 69, 422 S.E.2d at 590. Here, since defendant continued to receive the payments on the two notes after separation, the income from the notes accrued to his benefit. The trial court considered this benefit to defendant in determining that an unequal distribution of the marital estate in favor of plaintiff would be equitable. Because the judgment in the present case reflects that the trial court correctly followed the approach in *Chandler*, we find no abuse of discretion in this portion of the judgment.

[2] In his second assignment of error, defendant claims that the trial court erred by making an unequal division of the marital property. We disagree. It is entirely within the trial court's discretion, absent some

clear abuse, to determine whether or not to divide the marital estate equally or unequally. *Harris v. Harris*, 84 N.C. App. 353, 358, 352 S.E.2d 869, 872 (1987). Furthermore, this Court has specifically held that the finding of a single distributional factor may support an unequal division. *Judkins v. Judkins*, 113 N.C. App. 734, 741, 441 S.E.2d 139, 143, *review denied*, 336 N.C. 781, 447 S.E.2d 424 (1994). Here, the trial court made findings to support three distributional factors favoring plaintiff: (1) defendant's post-separation use of marital funds, including approximately $97,000 in cash taken from a joint investment account without plaintiff's knowledge; (2) plaintiff's expenditures in maintaining the marital home; and (3) defendant's control of marital assets. The trial court has broad discretion in evaluating and applying the statutory distributional factors and cannot be reversed unless its decision is shown to be manifestly unsupported by reason. *Harris*, 84 N.C. App. at 358, 352 S.E.2d at 873. The factors enumerated by the trial court were sufficient to support its conclusion that "an equal division would not be equitable under the circumstances of this case."

[3] In his fourth assignment of error, defendant argues that the trial court erroneously failed to award defendant credit for plaintiff's exclusive post-separation use of the marital residence. The record shows that defendant requested the court to consider this as a distributional factor and gave his opinion of the fair rental value of the residence. The evidence showed that although plaintiff had exclusive use of the residence after separation, she was forced to expend considerable sums to repair and maintain the home. Thus, we cannot say that the trial court's refusal to consider plaintiff's post-separation occupation of the home as a factor in defendant's favor was unreasonable or arbitrary, and its decision may not be reversed. *Harris*, 84 N.C. App. at 358, 352 S.E.2d at 873.

[4] In his eighth assignment of error, defendant argues that the trial court erred in its valuation of certain items of marital property, the most significant item being the marital residence. In *Mishler v. Mishler*, 90 N.C. App. 72, 367 S.E.2d 385, *review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988), this Court held that the trial court's valuation of marital property will not be second-guessed on appeal as long as its findings are supported by competent evidence. *Id.* at 74, 367 S.E.2d at 386. In the instant case, two expert witnesses testified that the marital residence was worth $167,000, and plaintiff testified that it was worth $155,000 to $160,000. The trial court valued the residence at $167,000. Thus, there was plenary competent evidence to

support the court's valuation of the residence, notwithstanding defendant's assertion that his expert witnesses (who valued the residence at $203,000 and $230,000) were "more qualified and certified" than plaintiff's experts. With respect to the other items of property mentioned by defendant, the values placed on them by the court were also supported by competent evidence, and we find no error.

[5] In his ninth assignment of error, defendant argues that the judgment erroneously gives the clerk of court the authority to execute documents to effectuate property transfers as specified in the judgment. It is well settled that the trial court "has the authority, within its power in equity, to compel one former spouse to convey title to property to the other former spouse when justice requires." *Geer v. Geer*, 84 N.C. App. 471, 481, 353 S.E.2d 427, 433 (1987); *see also* N.C. Gen. Stat. § 50-20(g) (1987 & Cum. Supp. 1994). We reject defendant's attempt to overturn the present judgment simply because it places this authority in the clerk of court rather than in the court itself. *See Mishler*, 90 N.C. App. at 74, 367 S.E.2d at 387 (in complex litigation involving equitable distribution, appellate court will not remand judgment for obviously insignificant errors).

We have carefully reviewed defendant's third, fifth, sixth, seventh, tenth, and eleventh assignments of error, and we find no abuse of discretion on the part of the trial court.

Affirmed.

Judges LEWIS and MARTIN, MARK D. concur.