RENEE JOHNSON JONES, Plaintiff v. PRUITT HERBERT JONES, Defendant

No. COA95-32

(Filed 6 February 1996)

**1. Divorce and Separation § 112 (NCI4th)— equitable distribution—VA loan eligibility—no distributional factor**

Defendant husband's VA loan eligibility did not constitute distributable property for purposes of equitable distribution; furthermore, the trial court did not err in finding that defendant's VA loan eligibility was not a distributional factor justifying an unequal division of marital property in defendant's favor.

**Am Jur 2d, Divorce and Separation §§ 878, 897.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

**2. Divorce and Separation § 151 (NCI4th)— equitable distribution—plaintiff's contributions to marital home—unequal division of property—no abuse of discretion**

The trial court did not abuse its discretion in finding that plaintiff wife's contributions toward the mortgage, insurance, taxes, maintenance, and preservation of the marital residence constituted factors for an unequal division in her favor and in concluding that an equal division of marital assets was not equitable.

**Am Jur 2d, Divorce and Separation § 870, 903.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

Appeal by defendant from judgment and order entered out of session 28 June 1994, *nunc pro tunc* 16 June 1994, by Judge Joseph E. Turner in Guilford County District Court. Heard in the Court of Appeals 8 January 1996.

*No brief for plaintiff-appellee.*

*Mary K. Nicholson for defendant-appellant.*

WALKER, Judge.

Plaintiff and defendant separated on 12 September 1987. A decree of absolute divorce was entered on 3 March 1992. Following a hearing on 23 November 1993, the trial court entered a judgment and order of equitable distribution from which defendant appeals.

[1] In his first assignment of error, defendant argues that the trial court erred in its treatment of defendant's VA loan eligibility. The evidence showed that plaintiff and defendant used defendant's VA loan eligibility to obtain a VA loan which was applied toward the purchase of the marital residence. The VA loan obligation at the time of the purchase was greater than the purchase price of the residence. Defendant contended at the hearing that the VA loan eligibility was his separate property and that since "at the date of separation the only value to the residence was the VA loan," the court was required to distribute the residence to him in order to restore his separate property to him. The trial court rejected defendant's contention, finding that defendant's VA loan eligibility did not qualify as property subject to distribution.

In his attempt to persuade us that the VA loan eligibility constitutes his separate property, defendant argues that since military pensions are considered distributable property under N.C. Gen. Stat. § 50-20(b), his VA loan eligibility is, by analogy, also distributable property. However, we find that military pensions are distinguishable from the "property interest" claimed by defendant here. A military pension is a quantifiable, legally enforceable property interest. In

contrast, defendant's VA loan eligibility in itself created no enforceable right in defendant other than the right to *apply* for a VA loan. In order to receive a loan, defendant still had to *qualify* for such a loan. Therefore, we hold that the trial court did not err in finding that defendant's VA loan eligibility did not constitute distributable property for purposes of equitable distribution.

Defendant further contended at the hearing that if the court declined to classify his VA loan eligibility as his separate property, the court should find that it was a distributional factor justifying an unequal division of marital property in defendant's favor. The court considered defendant's contention but found that the use of defendant's VA loan eligibility to purchase the marital residence did not constitute a factor warranting an unequal division of marital assets since qualification for the VA loan was based on both parties' financial contributions to the marriage. The trial court has broad discretion in evaluating and applying the statutory distributional factors and will not be reversed absent a showing that its decision is manifestly unsupported by reason. *Leighow v. Leighow*, 120 N.C. App. 619, 622, 463 S.E.2d 290, 292 (1995). Defendant has made no such showing here.

[2] In his next assignment of error, defendant claims the trial court erred by ordering an unequal division of the marital property in favor of plaintiff. We disagree. The decision whether to divide the marital estate equally or unequally is entirely within the trial court's discretion, and the trial court's decision in this regard can be disturbed only if a clear abuse of that discretion has occurred. *Harris v. Harris*, 84 N.C. App. 353, 358, 352 S.E.2d 869, 872 (1987). Furthermore, the finding of a single distributional factor under N.C. Gen. Stat. § 50-20(c) may support an unequal division. *Judkins v. Judkins*, 113 N.C. App. 734, 741, 441 S.E.2d 139, 143, *review denied*, 336 N.C. 781, 447 S.E.2d 424 (1994). Here, the trial court made thorough findings regarding the statutory distributional factors, including those argued by the parties under N.C. Gen. Stat. § 50-20(c)(12). The court found that "[p]laintiff's contributions towards the mortgage, homeowners insurance, property taxes, maintenance and preservation of the marital residence do constitute factors for an unequal division" in favor of plaintiff. *See* N.C. Gen. Stat. § 50-20(c)(11a) (1992 and Cum. Supp. 1994). The court then found and concluded that an equal division of marital assets was not equitable. Defendant has shown no abuse of discretion relative to this finding and conclusion.

In his final assignment of error, defendant argues that the trial court's findings of fact and conclusions of law are not supported by the evidence. A careful review of defendant's brief reveals that this assignment has already been addressed in defendant's second assignment of error where he challenges the court's findings and conclusions regarding the proper distribution of the marital estate. We have already determined that the trial court did not err in this regard. To the extent defendant's third assignment of error challenges the values assigned by the court to various items of marital property, suffice it to say that the trial court's findings as to the valuation of the marital property were supported by competent evidence and will not be disturbed on appeal. *See Mishler v. Mishler*, 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, *review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988).

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.