CHERRY, BEKAERT & HOLLAND, A GENERAL PARTNERSHIP v. JAMES DAVIS
WORSHAM

No. 8526SC1067

(Filed 3 June 1986)

1. **Appeal and Error § 24— cross-assignment of error—properly a cross-appeal— assignments of error not considered**

    An appellee's assignments of error were not properly before the Court of Appeals where appellee attempted to raise as cross-assignments of error questions he was required to file as a cross-appeal. N.C. Rules of App. Procedure, Rule 10(d).

2. **Pensions § 1; Partnership § 3— retirement agreement—retirement benefits reduced by disability payments—summary judgment for retiree proper**

    Summary judgment was properly granted for an accountant who retired early, began receiving retirement benefits, began receiving disability benefits, and had his retirement benefits reduced by the amount of the disability benefits. A clause in the partnership agreement providing that the benefits provided "herein" would be reduced by the amount of insurance benefits referred only to the benefits provided in that article, which concerned disability benefits, and not to the entire agreement.

3. **Rules of Civil Procedure § 56— partnership agreement—meaning of herein— interpreted by plain language of agreement—summary judgment proper**

    Summary judgment was not improper in an action which involved the meaning of the word "herein" in a partnership agreement because the plain language of the contract supported the interpretation argued by appellee.

APPEAL by plaintiff from *Snepp, Judge.* Partial judgment entered 1 July 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 11 March 1986.

Plaintiff-appellant Cherry, Bekaert & Holland is a general partnership based in Charlotte engaged in the practice of accounting. Defendant-appellee James Davis Worsham was a partner in the firm and, until his retirement, was the managing partner for

the firm's office in Gadsden, Alabama. The firm's partnership agreement provided the partners with the option of early retirement beginning at age 55. In September 1983, appellee elected to retire early and gave notice of his intention to the firm.

Over the next several months, the parties negotiated over the exact terms of appellee's retirement plan. Appellee would receive annual payments of $18,828.22 on April 30 of every year for fifteen years. In addition, he was to receive monthly payments of $3258.87, or $39,106.44 annually for the first five years after retirement, then monthly payments of $1543.11, or $18,517.32 annually for the following ten years. Appellee retired, effective 1 May 1984.

During his tenure as a partner in the firm, appellee participated in the group health insurance plan provided to members of the firm by Mutual Benefit Life Insurance Company. Appellee paid the premiums on this policy, and he continued to be covered by the policy after his retirement. Prior to his retirement, appellee had applied for disability benefits under that policy. He suffers from coronary artery disease and spinal problems. A determination was made by the insurance company that appellee was indeed disabled and qualified for payments under his insurance policy. These payments, in the amount of $2680.00 per month, began in July 1984, two months after appellee's retirement.

These disability insurance payments went directly to the partnership, and were then forwarded to Worsham. Appellant contended that the firm's partnership agreement permitted it to reduce appellee's retirement benefits by the amount of disability insurance benefits he was receiving. Appellant unilaterally began deducting the $2680.00 from appellee's monthly retirement benefit of $3258.87 in May 1985, paying only $578.87. Appellant also withheld appellee's annual payment for 1985 of $18,828.22, asserting that appellee had been overpaid by $31,858.66 before appellant began reducing his monthly retirement benefits.

Appellee protested these actions by appellant. In order to determine their respective rights, appellant brought this declaratory judgment action, seeking a judicial determination of its right to reduce the retirement benefits. Appellee counterclaimed seeking a determination that the appellant had wrongfully withheld

the funds, recovery of the withheld funds, $10,000.00 in damages under the Unfair and Deceptive Trade Practices Act, G.S. 75-1.1, *et seq.*, injunctive relief, and an order compelling appellant to specifically perform the retirement plan.

The case came on for hearing before Judge Snepp on 24 June 1985 on appellee's motion for summary judgment at which time appellant made an oral motion for summary judgment. Finding that no genuine issue of material fact existed as to appellant's request for declaratory judgment, Judge Snepp concluded that the partnership agreement did not give appellant a right to reduce appellee's retirement benefits by the amount of disability benefits appellee was receiving and granted appellee's motion for summary judgment on that issue. Judge Snepp then dismissed appellee's claim under G.S. 75-1.1 and appellee's claims for injunctive relief and specific performance, concluding that his available remedies at law were adequate. Although only a partial judgment, Judge Snepp certified, pursuant to N.C. Rule of Civil Procedure 54(b), that there was no just reason for delay entitling the parties to bring an immediate appeal.

*Parker, Poe, Thompson, Bernstein, Gage and Preston by Irvin W. Hankins, III, Gaston H. Gage, and Stephen R. Hunting for plaintiff-appellant.*

*Wyatt, Early, Harris, Wheeler and Hauser by William E. Wheeler for defendant-appellee.*

PARKER, Judge.

[1] We note at the outset that appellee's purported assignments of error are not properly before this Court. Appellee attempts to raise the questions as cross-assignments of error. However, as stated in Rule 10(d), N.C. Rules App. Proc., cross-assignments of error are reserved for asserting errors "which deprived the appellee of an alternative basis in law for *supporting* the judgment . . ." (emphasis added). In order to bring the questions presented before this Court, appellee was required to file a cross-appeal as an appellant, complying with all of the Rules of Appellate Procedure, including deadlines, applicable to appellants. Therefore, the only questions before us are those raised by appellant.

[2] Appellant argues that the court erred in denying its motion for summary judgment and, alternatively, that summary judg-

ment should not have been granted for appellee because there was a genuine issue of material fact concerning the intent of the parties as to the meaning of the word "herein" in the clause in the partnership agreement covering disability of a partner.

The partnership agreement is divided into articles. Article XI deals with disability and Article XII with retirement. Article XI, entitled "DISABILITY," begins by outlining the benefits that a disabled partner would receive from the partnership. After describing the benefits, the last sentence of the first paragraph reads:

> If a disability policy is available to the Partners on a group basis through the Partnership, and, whether or not the disabled Partner is covered under said policy, and whether or not the Partnership pays the premiums for said policy, the benefits provided *herein* shall be reduced by the amount of the insurance benefits provided by said policy. (Emphasis added.)

Appellee is receiving disability insurance benefits from a policy "available to the Partners on a group basis through the partnership." He is also receiving his retirement benefits, as provided for in Article XII of the partnership agreement. He is not receiving any disability benefits from the partnership.

The controversy centers around the meaning of the word "herein." Appellant contends the word refers to the entire agreement, meaning that any benefits provided by any article of the partnership agreement would be reduced by disability insurance benefits received. Appellee argues that "herein" refers only to the benefits provided in that particular article providing disability benefits.

We agree with appellee. When read in the context of the article on disability, the word "herein" is clearly limited in its application to disability benefits. The disability benefits provided for in Article XI are intended *to provide income for a partner* who is temporarily disabled and planning to return to work for the partnership. The partner receives his full pay for the period of disability, up to six months. The partnership is then given the option of electing to retire a partner who remains disabled for more than six months, and a partner who remains disabled for

two years is automatically retired. Because the disability benefits provide temporary, emergency income, which can be very expensive to the firm, it is logical for the partnership to desire to offset the burden of providing such benefits by insurance received by the partner.

Retirement benefits, on the other hand, are not emergency provisions. The assumption is that a partner in the firm will remain there until retirement. Benefits can be carefully planned so that financial security can be provided to a retired partner while not presenting the partnership with an undue financial burden. Such careful planning is not possible with disability benefits. The need for the partnership to offset the expense of retirement benefits is not present as it is with disability benefits. Each party entered into the partnership agreement expecting that the new partner would be there until retirement and, upon retirement, would draw a predetermined amount from the partnership. In order to protect the expectations of the parties, the word "herein" must be interpreted to apply only to the benefits provided by Article XI on disability.

[3] Appellant also contends that summary judgment for appellee was improper because a genuine issue of material fact existed concerning the intent of the parties as to the meaning of the word "herein." However, where a contract is unambiguous, its construction is a matter of law for the court to determine. *Bicycle Transit Authority, Inc. v. Bell,* 314 N.C. 219, 333 S.E. 2d 299 (1985). The intent of the parties is to be determined from the plain language of the contract, its purposes and subject matter. *Adder v. Holman and Moody, Inc.,* 288 N.C. 484, 219 S.E. 2d 190 (1975). We have already determined that the plain language of the contract supports the interpretation of the contract argued by appellee. The court cannot under the guise of interpretation rewrite the contract for the parties.

From an analysis of the language of the contract, its purposes and subject matter, the trial court properly determined that there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law. The judgment below is

Affirmed.

Judges WEBB and EAGLES concur.