JOANNE V. BURNETT v. JULIAN H. BURNETT

No. COA95-1086

(Filed 18 June 1996)

### 1. Divorce and Separation § 121 (NCI4th)— equitable distribution—classification of lot as marital property—error

The trial court erred in classifying a lot as marital property where the lot was transferred to defendant from his mother during the marriage; though the recitation in the deed that consideration was paid by defendant to his mother in the amount of $10 and "other valuable consideration" was *prima facie* evidence that the consideration was received, the undisputed testimony was that no consideration was in fact given; and the fact that there were no revenue stamps on the deed indicated a gift. N.C.G.S. § 50-20(b)(2).

**Am Jur 2d, Divorce and Separation § 884.**

### 2. Divorce and Separation § 144 (NCI4th)— equitable distribution—need of spouse to occupy marital home—no distributional factor

The need of a spouse to occupy the marital residence, unless it involves a spouse with custody of the children, N.C.G.S. § 50-20(c)(4), does not relate to the economic condition of the marriage and is not properly considered as a distributional factor. N.C.G.S. § 50-20(c)(12).

**Am Jur 2d, Divorce and Separation § 915.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**Divorce: excessiveness or adequacy of combined property division and spousal support awards—modern cases. 55 ALR4th 14.**

**Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.**

### 3. Divorce and Separation § 144 (NCI4th)— occupancy of marital home—distributional factor

Because evidence was presented that plaintiff possessed the marital residence subsequent to the date of separation, the trial

BURNETT v. BURNETT

[122 N.C. App. 712 (1996)]

court was required to consider this as a factor in determining the proper equitable distribution.

## Am Jur 2d, Divorce and Separation § 915.

Appeal by defendant from judgment entered 1 March 1995 in New Hanover County District Court by Judge Paul A. Hardison. Heard in the Court of Appeals 22 May 1996.

*Billy H. Mason for plaintiff-appellee.*

*Lea, Clyburn & Rhine, by J. Albert Clyburn and James W. Lea, III, for defendant-appellant.*

GREENE, Judge.

Julian H. Burnett (defendant) appeals an order entered 1 March 1995 pursuant to Joanne V. Burnett's (plaintiff) and defendant's claims for equitable distribution.

Plaintiff and defendant filed claims for equitable distribution, requesting the trial court to classify, value and divide the parties' marital property. After hearing evidence concerning the parties' property, the trial court found that the parties "were married on September 3, 1960, lived together as husband and wife until on or about December 2, 1992, . . . and were subsequently divorced on March 4, 1994"; the property which is the subject of this appeal was acquired "during the course of the marriage" and is marital; and an "unequal division of the marital assets would be equitable." In determining that an unequal division would be equitable, the trial court considered several factors, including "the need of the plaintiff to have the marital home."

The evidence reveals that in 1973 the defendant's mother divided a tract of land she owned into tracts and conveyed a tract to each of her four children. The defendant received a deed for tract four (River Lot) and it recited that the deed was given "for and in consideration of the sum of Ten ($10.00) DOLLARS, and other valuable consideration." The deed contained no revenue stamps. The defendant testified that he did not pay his mother any consideration for the property. The evidence also indicates that the plaintiff had exclusive use and possession of the marital residence since the separation of the parties. There is no indication in the judgment of the trial court that it con-

sidered as a distributional factor the plaintiff's use of the marital home.

The issues are whether (I) the classification of the River Lot as marital property is supported in the record; (II) the need of the plaintiff to have the marital home was properly considered as a distributional factor under section 50-20(c)(12); and (III) the trial court was required to make findings of fact concerning plaintiff's exclusive use and possession of the marital residence subsequent to the parties' date of separation.

I

[1] Marital property is defined to include all property "acquired by either spouse or both spouses during the course of the marriage and before the date of separation of the parties, and presently owned, except property determined to be separate property." N.C.G.S. § 50-20(b)(1) (1995). Separate property is defined to include all property "acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C.G.S. § 50-20(b)(2).

The party claiming a certain classification has the burden of showing, by the preponderance of the evidence, that the property is within the claimed classification. *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991). Thus a party claiming property acquired during the marriage to be separate, on the basis that it was a gift, has the burden of showing that the "alleged donor intended to transfer ownership of the property without receiving any consideration in return." Brett R. Turner, *Equitable Distribution of Property* § 5.16 at 195 (2d ed. 1994) (hereinafter *Turner*); *See Godley v. Godley*, 110 N.C. App. 99, 109, 429 S.E.2d 382, 388 (1993). When, however, the property was acquired during the marriage by a spouse from his or her parent(s), a rebuttable presumption arises that the transfer is a gift to that spouse.[1] *See Bowen v. Darden*, 241 N.C. 11, 14, 84 S.E.2d 289, 292 (1954) (recognizing that a transfer of property from a parent to a child creates a rebuttable presumption of a gift to the child); *Hollowell v. Skinner*, 26 N.C. 165, 171 (1843); *see also* 38 C.J.S. *Gifts* § 65(e), at 860 (1943). In this event, the burden shifts to the spouse resisting the separate property classification to show lack of donative intent.

---

1. Because our statute provides that gifts to "a" spouse during the course of the marriage is the separate property of that spouse, it follows that gifts to "both spouses jointly are not within the definition of separate property," *Turner* § 5.17, at 203, but instead are marital property.

"The evidence most relevant in determining donative intent [or the lack of donative intent] is the donor's own testimony." *Turner* § 5.16, at 195. Other evidence relevant to donative intent includes the testimony of the alleged donee, documents surrounding the transaction, whether a gift tax return was filed, and whether an excise tax was paid. *Id.* at 195-97; *see Johnson v. Johnson*, 114 N.C. App. 589, 592-93, 442 S.E.2d 533, 535-36 (1994); *Patterson v. Wachovia Bank and Trust Co.*, 68 N.C. App. 609, 612-14, 315 S.E.2d 781, 783-84 (1984); *Kirkpatrick v. Sanders*, 261 F.2d 480, 482 (4th Cir. 1958), *cert. denied*, 359 U.S. 1000, 3 L. Ed. 2d 1029 (1959). Transfer documents stating that the property is a gift or characterizing the consideration as love and affection is strong evidence of donative intent. *See Miller v. Miller*, 428 S.E.2d 547, 550 (W. Va. 1993). On the other hand, transfer documents indicating receipt of consideration is *prima facie* evidence that the recited consideration was indeed paid. *Randle v. Grady*, 224 N.C. 651, 655, 32 S.E.2d 20, 22 (1944). A mere recital of consideration, however, does not compel a finding that consideration was received, if other evidence reveals that no consideration was in fact received. James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 17-9, at 719 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 4th ed. 1994); *see* Kenneth S. Broun, *North Carolina Evidence* § 30, at 116 (4th ed. 1993) (defining *prima facie*). Bargain sales, or those where some small consideration is received in exchange for the transfer, if accompanied with donative intent, are treated as partial gifts. *Turner* § 5.16, at 200-01; *see Kirkpatrick*, 261 F.2d at 482 (receipt of nominal consideration does "not convert the gifts to transfers for a valuable consideration"); *see also* I.R.C. § 2512 (1996) (where there is donative intent, treating sale of property to another at artificially low price as part gift and part sale for federal tax purposes).

In this case, the River Lot was transferred to the defendant from his mother during the marriage. This transfer raises a rebuttable presumption that it was a gift to the defendant and places the burden on the plaintiff to show that the mother did not intend to make a gift of the property to her son. The plaintiff relies on the recitation in the deed that consideration was paid by the defendant to his mother in the amount of ten dollars and "other valuable consideration" to rebut the presumption. Although this is *prima facie* evidence that the recited consideration was received by the mother, the undisputed testimony is that no consideration was in fact given in exchange for the transfer. Furthermore there were no revenue stamps on the deed, again indicating a gift. The plaintiff, therefore, has failed to meet her

BURNETT v. BURNETT

[122 N.C. App. 712 (1996)]

burden of rebutting the presumption of a gift to the defendant and the marital classification of the River Lot must be reversed. On remand the River Lot must be classified as the defendant's separate property.

II

[2] In this case the trial court considered "the need of the plaintiff to have the marital home" as a distributional factor in making an unequal distribution. Defendant argues that section 50-20(c) does not "specifically authorize the [trial] court to consider . . . the need of a party to have the use or possession of the marital residence," and that consideration of this factor pursuant to section 50-20(c)(12) is improper. We agree.

Our Supreme Court has unequivocally stated that the only considerations which are "just and proper" within the meaning of section 50-20(c)(12) are "those which are related to the marital economy." *Smith v. Smith*, 314 N.C. 80, 87, 331 S.E.2d 682, 687 (1985). The need of a spouse to occupy the marital residence, unless it involves a spouse with custody of the children, N.C.G.S. § 50-20(c)(4), does not relate to the economic condition of the marriage and is not properly considered as a distributional factor.[2] This error requires remand for reconsideration of whether an equal distribution is equitable.

III

[3] Defendant argues that because evidence was presented that plaintiff possessed the marital residence subsequent to the date of separation, the trial court was required to consider this as a factor in determining the proper distribution. We agree.

If evidence is presented as to any one of the factors in section 50-20(c), the trial court must make findings that the factor was considered. *McIver v. McIver*, 92 N.C. App. 116, 127, 374 S.E.2d 144, 151 (1988). A party's exclusive use of the marital residence subsequent to the date of separation is a relevant distributional factor, *Becker v. Becker*, 88 N.C. App. 606, 608, 364 S.E.2d 175, 177 (1988), and must be considered by the trial court. On remand this evidence must be considered by the trial court in its determination of the proper distribution of the marital property.

---

2. It does appear that a need to occupy the marital residence based on the age or physical health of a spouse would be a valid distributional factor, *see* N.C.G.S. § 50-20(c)(3), but the trial court did not specify the need in this case and we cannot speculate.

On remand the trial court must also correct two errors which the plaintiff concedes were made with respect to the valuation of Lot 15 and the treatment of the mortgage on the marital residence. Because the nature of these errors is not in dispute we do not address them more specifically.

Reversed and remanded.

Judges MARTIN, John C., and WALKER concur.