JOANN S. BECKER, PLAINTIFF-APPELLEE v. ARTHUR F. BECKER, DEFENDANT-APPELLANT

No. COA96-1292

(Filed 16 September 1997)

**1. Divorce and Separation § 145 (NCI4th)— equitable distribution—unequal distribution—need for residence—inability to earn income—no other place to live**

The trial court's finding that the wife needed to occupy and own the marital home and household effects based on her lack of ability to earn an income with which to purchase a residence or furniture was a proper distributional factor for the court to consider in determining that an unequal division of the marital estate was equitable. However, the court's finding that the wife has no other place to live other than the marital residence was not a proper distributional factor because it does not relate to the economic condition of the marriage.

**2. Divorce and Separation § 165 (NCI4th)— equitable distribution—delayed distributive award**

The trial court abused its discretion in an equitable distribution proceeding by ordering plaintiff to pay a distributive award which cannot be completed within six years after the divorce of the parties where the court did not make findings that legal or business impediments, or some overriding social policy, prevent completion of the distribution within six years; the award was not crafted to assure completion of payment as promptly as possible; and the way the award is crafted, defendant may never receive the total interest accumulated on the award and none of the principal.

**3. Divorce and Separation § 135 (NCI4th)— equitable distribution—value of residence—adjustment for necessary repairs**

The evidence in an equitable distribution proceeding, including testimony by two expert witnesses, supported the trial court's adjustment of the value of the marital home downward to reflect the amount of necessary repairs to the home. Repairs necessary to make a home marketable are relevant in determining fair market value because needed repairs have a direct impact on what a buyer would be willing to pay.

**4. Divorce and Separation § 147 (NCI4th)— equitable distribution—dental debt—not marital debt**

The trial court properly concluded that defendant's dental debt which was incurred prior to the parties' separation was not a marital debt where the evidence presented at trial revealed that the dental work was performed on defendant and the debt was incurred for defendant's benefit only rather than for the parties' joint benefit.

Appeal by defendant from judgment entered 8 April 1996, nunc pro tunc for 10 January 1996, by Judge Louis F. Foy, Jr. in Onslow County District Court. Heard in the Court of Appeals 2 June 1997.

*Hiram C. Bell, Jr. and M. Lynn Smith for plaintiff-appellee.*

*Lana Starnes Warlick and Laura P. Graham for defendant-appellant.*

McGEE, Judge.

Defendant appeals a judgment for equitable distribution. On 7 August 1995, plaintiff and defendant obtained an absolute divorce which reserved equitable distribution for a later hearing. The equitable distribution claims were tried 10 January 1996. In a judgment entered 8 April 1996, nunc pro tunc for 10 January 1996, the trial court: (1) ruled an unequal distribution of the marital estate was equitable based on several factors; (2) determined the net fair market value of the marital home, based on the value specified in a written appraisal less $4000 in necessary repairs; (3) awarded the marital home to plaintiff and ordered she pay defendant a distributive award secured by a second mortgage on the home payable to defendant, and (4) determined a debt for dental work performed on defendant was defendant's separate debt. Defendant appeals from the judgment.

[1] Defendant first contends the trial court's determination that an unequal distribution of the marital estate was equitable is reversible error because it is based on two impermissible factors, both of which relate to plaintiff's need to occupy the marital home.

N.C. Gen. Stat. § 50-20(c) requires the trial court to distribute the marital property equally unless it determines an equal division is not equitable. G.S. § 50-20(c) (1995); *Coleman v. Coleman*, 89 N.C. App. 107, 109, 365 S.E.2d 178, 180 (1988). The trial court's conclusions in support of an equitable but unequal division will not be disturbed on appeal unless there was a clear abuse of discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). In addition to several factors required to be considered by the trial court, G.S. § 50-20(c) provides the court shall also consider: "(12) Any other factor which the court finds to be just and proper." G.S. § 50-20(c)(12). The only considerations which are " 'just and proper' within the meaning of section 50-20(c)(12) are 'those which are related to the marital economy.' " *Burnett v. Burnett*, 122 N.C. App. 712, 716, 471 S.E.2d 649, 652 (1996) (quoting *Smith v. Smith*, 314 N.C. 80, 87, 331 S.E.2d 682, 687 (1985)). This Court has held "[t]he need of a spouse to occupy the marital residence, unless it involves a spouse with custody of the children . . . does not relate to the economic condition of the marriage and is not properly considered as a distributional factor." *Burnett*, 122 N.C. App. at 716, 471 S.E.2d at 652.

The court's findings of fact challenged by defendant are:

13. . . . :

* * *

BECKER v. BECKER

[127 N.C. App. 409 (1997)]

(e) That the Plaintiff has no other place to live other than the marital residence . . .;

(f) That the Plaintiff has a high school education but has no special training or skills in order to afford her the opportunity to become employed and to earn an income with which to purchase any residence or any furniture and therefore she is in need of occupying and owning the marital residence and the majority of the household effects.

In finding of fact number 13(f) we find no error in the court's reliance on plaintiff's need to occupy and own the marital home based on her lack of earning potential. Our Court has held a trial court may consider a party's earning potential as a factor justifying an unequal division of marital property. *Harris v. Harris*, 84 N.C. App. 353, 359, 352 S.E.2d 869, 873 (1987). In finding number 13(f), the court also found plaintiff needed to occupy and own the marital home and household effects based on her lack of ability to earn an income with which to purchase a residence or furniture. Since this finding concerns plaintiff's earning potential, it is proper under *Harris, see id.* and relates to the marital economy as required by *Smith* and *Burnett. See Smith*, 314 N.C. at 87, 331 S.E.2d at 687; *Burnett*, 122 N.C. App. at 716, 471 S.E.2d at 652. However, the court's finding in 13(e) that "[p]laintiff has no other place to live other than the marital residence" was not proper under *Smith* and *Burnett* because it does not relate to the economic condition of the marriage.

Plaintiff contends, however, that the court's consideration of a single improper distributional factor does not require reversal because any one of the other factors found is sufficient to support the determination. We disagree. Although "the finding of a single distributional factor under N.C. Gen. Stat. § 50-20(c) may support an unequal division," *Jones v. Jones*, 121 N.C. App. 523, 525, 466 S.E.2d 342, 344, *disc. review denied*, 343 N.C. 307, 471 S.E.2d 72 (1996), the trial court must exercise its discretion in assigning the weight each factor should receive and then make an equitable division by balancing the evidence in light of the legislative policy favoring equal division. *White*, 312 N.C. at 777, 324 S.E.2d at 833. Since on review we cannot determine the weight assigned by the trial court to the various factors listed in the findings, we must reverse and remand to the trial court for reassessment of its decision to order an unequal division without considering the improper factor listed in finding 13(e).

BECKER v. BECKER

[127 N.C. App. 409 (1997)]

[2] The remaining assignments of error argued by defendant could recur on remand and we therefore address defendant's contentions on these issues. Defendant first contends the trial court erred by ordering a distributive award which cannot be completed within six years after the divorce of the parties. N.C. Gen. Stat. § 50-20(e) provides:

> In any action in which the court determines that an equitable distribution of all or portions of the marital property in kind would be impractical, the court in lieu of such distribution shall provide for a distributive award in order to achieve equity between the parties. The court may provide for a distributive award to facilitate, effectuate or supplement a distribution of marital property. The court may provide that any distributive award payable over a period of time be secured by a lien on specific property.

G.S. § 50-20(e) (1995). Our Court has held that G.S. § 50-20(b)(3), which defines "distributive award," authorizes the trial court "to make distributive awards for periods of 'not more than six years after the date on which the marriage ceases,' except upon a showing by the *payor* spouse that legal or business impediments, or some overriding social policy, prevent completion of the distribution within the six-year period." *Lawing v. Lawing*, 81 N.C. App. 159, 184, 344 S.E.2d 100, 116 (1986). Our court later held the trial court has "a concurrent duty . . . to affirmatively find" the existence of these grounds for extending the payment period beyond six years. *Harris*, 84 N.C. App. at 363, 352 S.E.2d at 876. We upheld a distributive award paid over a ten-year period as supported by the requisite findings under *Harris* in *Smith v. Smith*, 111 N.C. App. 460, 514-17, 433 S.E.2d 196, 229-30, *disc. review of issues additional to those in dissenting opinion denied*, 335 N.C. 177, 438 S.E.2d 202 (1993), *reversed in part on other grounds*, 336 N.C. 575, 444 S.E.2d 420 (1994). In addition, we have also stated that "awards for periods longer than six years, if necessary, should be crafted to assure completion of payment as promptly as possible." *Lawing*, 81 N.C. App. at 184, 344 S.E.2d at 116.

Here, the trial court ordered plaintiff to pay a distributive award of $23,803 plus interest at the rate of seven percent per annum with monthly payments of $143.86 to begin 1 January 2002 (or the first day of the first month after the house mortgage is paid, if sooner). Under these terms, unless plaintiff prepays her mortgage, she will not start making payments on the award until more than six years after the parties' divorce on 7 August 1995. Yet, the trial court did not make the

requisite findings, under *Harris*, that legal or business impediments, or some overriding social policy, prevent completion of the distribution within six years. The award was also not "crafted to assure completion of payment as promptly as possible." *See Lawing*, 81 N.C. App. at 184, 344 S.E.2d at 116. Unless plaintiff prepays her first mortgage, by the time she begins paying the distributive award in January 2002, the $1726.32 annual total of the monthly payments ordered by the court will not even equal the annual interest payment on the balance. If plaintiff pays only the monthly amounts ordered by the court beginning in January 2002, she may never pay the award in full, and defendant may never receive the total interest accumulated on the award, much less any of the principal. An abuse of discretion occurred in ordering an unduly delayed distributive award.

[3] Defendant next contends the fair market value of the marital home determined by the trial court was not supported by the evidence. In its valuation, the court relied in part on a written appraisal of $66,000 which the court found included $4900 worth of necessary repairs. Based on the testimony of two expert witnesses, the court then adjusted the value stated in the written appraisal downward to $62,000 to reflect an additional $4000 of necessary repairs. We find sufficient evidence to support this adjustment by the trial court. In addition, we find no merit in defendant's contention that necessary repairs should not be accounted for when sale of the home is not imminent. Fair market value has been defined as " 'the price which a willing buyer would pay to purchase the asset on the open market from a willing seller, with neither party being under any compulsion to complete the transaction.' " *Carlson v. Carlson*, 127 N.C. App. 87, 487 S.E.2d 784, 786 (1997) (quoting Brett R. Turner, *Equitable Distribution of Property* § 7.03, at 505 (2d ed. 1994)). Repairs necessary to make a home marketable are relevant in determining fair market value because needed repairs have a direct impact on what a buyer would be willing to pay. This assignment of error is without merit.

[4] Defendant further argues an abuse of discretion by the trial court in its finding that a debt for defendant's dental work was defendant's separate debt. "A marital debt . . . is one incurred during the marriage and before the date of separation by either spouse or both spouses for the joint benefit of the parties." *Huguelet v. Huguelet*, 113 N.C. App. 533, 536, 439 S.E.2d 208, 210, *disc. review denied*, 336 N.C. 605, 447 S.E.2d 392 (1994). " 'The party who claims that any debt is marital bears the burden of proof on that issue.' " *Riggs v. Riggs*, 124 N.C.

App. 647, 652, 478 S.E.2d 211, 214 (1996) (quoting *Tucker v. Miller*, 113 N.C. App. 785, 791, 440 S.E.2d 315, 319 (1994)), *disc. review denied*, 345 N.C. 755, 485 S.E.2d 297 (1997). The party so claiming must prove "the value of the debt on the date of separation and that it was 'incurred during the marriage for the joint benefit of the husband and wife.' " *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990) (quoting *Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987)). Here, although plaintiff testified the bill was received after the date of separation, the court found and all the evidence shows, the dental debt was incurred prior to the parties' separation on 24 April 1994. The determinative issue then is whether defendant met his burden of showing this debt was for the joint benefit of the parties. In this case, the evidence that the debt was for work performed on defendant and that the bill was in defendant's name was sufficient to show the debt was incurred for defendant's benefit only rather than for the joint benefit of the parties. In contrast, defendant presented no evidence tending to show the debt was incurred for the parties' joint benefit. We hold defendant did not meet his burden of showing this was a marital debt and the trial court did not err in classifying this debt as separate.

Based upon our disposition of these issues, it is unnecessary to address defendant's remaining assignment of error.

Affirmed in part, reversed in part and remanded.

Judges EAGLES and SMITH concur.