SONJA HAMRIC JOYCE (NOW HAMRIC), PLAINTIFF v. RICHARD E. JOYCE, DEFENDANT

No. COA06-108

(Filed 19 December 2006)

### 1. Divorce— equitable distribution—classification—marital property—mobile home park

The trial court did not abuse its discretion in an equitable distribution case by classifying the portion of the mobile home park deeded to defendant husband as marital property, because: (1) although the property was transferred to defendant by deed from his father, raising a rebuttable presumption that the transfer was a gift to defendant only, plaintiff proved defendant's father lacked donative intent by showing an extensive list of renovations, property maintenance, and bookkeeping performed by the parties for defendant's father, and by introducing into evidence the transfer document, a general warranty deed dated 20 September 1993; (2) the statement of payment and receipt of payment was prima facie evidence of consideration; and (3) although defendant tried to rebut the prima facie evidence by questioning his father to show the transfer was intended as an early inheritance, the trial judge as the sole arbiter of witness credibility was within his rights to be suspicious of the father's testimony and not to give it the weight desired by defendant.

### 2. Appeal and Error— preservation of issues—failure to make offer of proof

Although defendant contends the trial court erred in an equitable distribution case by sustaining plaintiff wife's objection to further evidence by defendant's father as to his donative intent, this assignment of error is dismissed because: (1) defendant made no specific offer of proof as to the excluded testimony's significance; and (2) such significance is not obvious from the record.

### 3. Divorce— equitable distribution—payments—improvements to home

The trial court did not err in an equitable distribution case by finding defendant husband received payment from plaintiff's parents for the improvements made by him to their home during the marriage, because: (1) defendant in his own brief stated he received a total of $300 for a complete bathroom remodel; and (2)

although defendant may have been poorly compensated, by his own admission he was paid by plaintiff's parents for improvements to their home.

### 4. Appeal and Error— appealability—mootness

Although defendant husband contends the trial court erred in an equitable distribution case by including a mobile home park in its equal division of the marital estate, this assignment of error is moot because the Court of Appeals already determined that the trial court appropriately included the portion of the mobile home park deeded to defendant in the marital estate.

### 5. Appeal and Error— appealability—cross-assignments—cross appeal

Although plaintiff inserted in the record three cross-assignments of error in an equitable distribution case, these cross-assignments of error are not properly before the Court of Appeals, because: (1) plaintiff's cross-assignments of error do not constitute an alternative basis for supporting the judgment, but instead attempt to show how the trial court erred in its findings of fact and conclusions of law; (2) the correct method for plaintiff to have raised these questions on appeal was to have raised the issues on cross appeal; and (3) plaintiff cannot raise such cross-assignments for the first time in her brief to the Court of Appeals.

Appeal by defendant from judgment entered 15 June 2005 by Judge Karen A. Alexander in Carteret County Superior Court. Heard in the Court of Appeals 18 September 2006.

*Stephen M. Valentine, attorney for plaintiff-appellee.*

*Debra J. Radtke, attorney for defendant-appellant.*

ELMORE, Judge.

Sonja Hamric Joyce (plaintiff) and Richard E. Joyce (defendant) were married on 3 May 1985. They lived together as husband and wife until 18 May 1997, when they separated. Plaintiff filed a complaint on 4 June 1998 seeking an absolute divorce and equitable distribution of the marital property. Defendant filed an answer on 2 July 1998 also seeking equitable distribution. An order of equitable distribution was entered 14 June 2005. From that order defendant appeals.

On 20 September 1993, defendant's father transferred ownership in one half of a mobile home park by deed. Subsequent to this transfer, the parties operated the entire mobile home park, consisting of nine mobile home lots and four apartments, and paid to defendant's father eighty-five percent of the monthly profits. Both parties were actively involved in the operation of the mobile home park; plaintiff maintained the books, leased lots, accepted rental payments, maintained the grounds, painted the units, and performed minor maintenance in the park. Defendant undertook the more physical maintenance tasks, including yardwork and repairs.

During the marriage and prior to the transfer of the mobile home park, defendant, who was working as a contractor, renovated his father's home. Defendant made a number of improvements, including: adding a new roof; extending the foundation of the house; enlarging a bedroom; adding a new bathroom and mudroom; painting and tile installation; replacing the sheetrock in the living room; and installing a new floor. Defendant completed this work over a nine month period, during which he was working on his father's house on a full-time basis, and for which he was paid a total of $2,000.00. In addition to remodeling his father's home, defendant worked on his father's farm throughout the marriage, for which he was paid $200.00 per week. This work included pouring concrete, constructing buildings, setting up equipment, and maintaining the yard. During the marriage, defendant also renovated portions of plaintiff's parents' house, for which he was paid approximately $300.00.

Defendant makes four assignments of error, none of which pass muster: (I) the trial court erred by classifying the portion of the mobile home park deeded to defendant as marital property; (II) the trial court erred in sustaining plaintiff's objection to further evidence by defendant's father as to his donative intent; (III) the trial court erred in finding defendant received payment from plaintiff's parents for the improvements made by him to their home during the marriage; and (IV) the trial court erred in including the mobile home park in its equal division of the marital estate.

I.

"Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion." *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citation omitted). Abuse of discretion will only be established if "the judgment was unsupported by reason and could not have been

a result of competent inquiry," or "if the trial judge failed to comply with the statute." *Id.* In the case before us, the trial judge's order of equitable distribution is supported by both law and reason.

Marital property is defined to include "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property. . . ." N.C. Gen. Stat. § 50-20(b)(1) (2003). " 'Separate property' means all real and personal property acquired by a spouse before marriage or acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C. Gen. Stat. § 50-20(b)(2) (2003).

A party who claims a certain classification of property has the burden of showing, by the preponderance of the evidence, that the property is within the claimed classification. *Burnett v. Burnett*, 122 N.C. App. 712, 714, 471 S.E.2d 649, 651 (1996) (citation omitted). If the property was acquired during the marriage by a spouse from his parent, though, then "a rebuttable presumption arises that the transfer is a gift to that spouse [only]." *Id.* (citation omitted). The burden then "shifts to the spouse resisting the separate property classification to show [that the parent lacked] donative intent." *Id.* A transfer document that indicates receipt of consideration is *prima facie* evidence that consideration was received for the property, although such evidence does not compel that finding if contradictory evidence exists. *Id.* at 715, 471 S.E.2d at 651. Defendant correctly notes that this court has held that "[t]he evidence most relevant in determining donative intent [or the lack of thereof] is the donor's own testimony." *Id.* (quoting Brett R. Turner, *Equitable Distribution of Property* § 5.16 at 195 (2d ed. 1994)). However, determining the credibility of the donor's testimony is within the discretion of the trial judge. *See Grasty v. Grasty*, 125 N.C. App. 736, 739, 482 S.E.2d 752, 754 (1997), *disc. review denied*, 346 N.C. 278, 487 S.E.2d 545 (1997). Indeed, "[t]he trial judge [in an equitable distribution action] is the sole arbiter of credibility and may reject the testimony of any witness in whole or in part." *Fox v. Fox*, 114 N.C. App. 125, 134, 441 S.E.2d 613, 619 (1994).

[1] In the instant case, the property was transferred to defendant by deed from his father, raising the rebuttable presumption that the transfer was a gift to defendant only, and therefore should be classified as separate property. Plaintiff then had the burden of proving that defendant's father lacked donative intent. In addition to present-

ing an extensive list of renovations, property maintenance and book-keeping performed by the parties for defendant's father, plaintiff introduced into evidence the transfer document, a general warranty deed dated 20 September 1993. This deed states in relevant part that defendant's father, "for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged . . . does grant, bargain, sell and convey" the mobile home park to the defendant. This statement of payment and receipt of payment is *prima facie* evidence of consideration.

Defendant presented evidence to contradict this *prima facie* evidence, both by questioning defendant's father and by attempting to introduce a letter written by defendant's father in 2002, nine years after the transfer, corroborating his testimony that the transfer was intended as an "early inheritance." The trial judge was unswayed, stating in his findings of fact:

> The father testified at trial that he intended that this transfer be "part of Richard's inheritance". The Court found that this intent was documented post-transfer and obviously not drafted by an attorney. This Court was suspicious of the "post-transfer document" used to support the "inheritance" position.

As the sole arbiter of witness's credibility, the trial judge was within his rights to be suspicious of the father's testimony and not to give it the weight desired by defendant.

In light of the considerable amount of work performed by both parties for defendant's father during the course of the marriage, and specifically in connection with the operation of the mobile home park, and without credible documentation of the father's donative intent to contradict plaintiff's evidence of compensation, we must agree with the trial court that the transfer of the property was supported by adequate consideration.

II.

[2] Defendant, in his second assignment of error, contends that the trial court erred in sustaining plaintiff's objection to further questioning of defendant's father as to his donative intent. At trial, the following exchange occurred:

> Defense counsel: Okay. And then, after the deed was—What was the purpose besides inheritance? Was there some sort of well dispute or well problem?

Defendant: The water quality people came upon us and said, "You're going to have to be under us—"

Plaintiff's counsel: Your Honor, I'll object to this line of questioning.

The Court: Sustained.

Defense counsel: Alright, don't go into that then. Now, how man—If you know, how many bank accounts existed for the mobile home park.

After the trial court sustained plaintiff's objection, defendant did not make an offer of proof concerning the significance of the excluded testimony. Instead, he began a new line of questioning. "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). Before there can be a determination of whether the exclusion of evidence was prejudicial, "the essential content or substance of the witness's testimony is required. . . ." *Currence v. Hardin*, 296 N.C. 95, 100, 249 S.E.2d 387, 390 (1978).

Defendant made no specific offer of proof as to the excluded testimony's significance, and such significance is not obvious from the record. Thus, defendant has failed to preserve this issue for appellate review, and we dismiss this assignment of error.

III.

**[3]** Defendant argues that the trial court erred in finding that he received payment from plaintiff's parents for improvements made by him to their home during the marriage on the ground that no competent evidence supports this finding. However, defendant, in his own brief, states that he "received a total of $300.00 for a complete bathroom remodel." Although he may have been poorly compensated, by his own admission defendant was paid by plaintiff's parents for improvements to their home. Accordingly, the trial court did not err in its finding.

IV.

**[4]** In his fourth assignment of error, defendant contends that the inclusion of the mobile home park in the trial court's division of the

marital estate resulted in an unequal division of assets in plaintiff's favor. We have already determined that the trial court appropriately included the portion of the mobile home park deeded to defendant in the marital estate, thus rendering defendant's last assignment of error moot.

## V.

**[5]** Finally, the plaintiff inserted in the record three cross-assignments of error, in which she contends that the trial court erred: (1) in concluding that the parties' leasehold interest in the hog farm had no net value on the date of separation; (2) in concluding that BB&T account number 5116314179 was a marital asset; and (3) in denying plaintiff's motion to join defendant's parents as necessary parties.

"Rule 10(d) of the North Carolina Rules of Appellate Procedure provides a means by which a party may except to and cross-assign as error a portion of an order from which his opposing party appeals." *Texaco, Inc. v. Creel*, 310 N.C. 695, 705, 314 S.E.2d 506, 511 (1984). The rule states:

> Without taking an appeal an appellee may cross assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an *alternative basis* in law *for supporting the judgment*, order, or other determination from which appeal has been taken.

N.C.R. App. P. 10(d) (2006) (emphasis added).

Plaintiff's cross-assignments of error do not constitute an alternative basis for supporting the judgment. Instead, they "attempt to show how the trial court erred in its findings of fact and conclusions of law. . . . *The correct method for plaintiff to have raised th[ese] question[s] on appeal was to have raised the issue[s] on cross appeal.*" *CDC Pineville, LLC v. UDRT of N.C., LLC*, 174 N.C. App. 644, 657, 622 S.E.2d 512, 521 (2005) (emphasis added) (citations omitted), *disc. review denied*, 360 N.C. 478, 630 S.E.2d 925 (2006).

In *Cherry, Bekaert & Holland v. Worsham*, 81 N.C. App. 116, 344 S.E.2d 97 (1986), this Court noted that:

> [i]n order to bring the questions presented before this Court, appellee was required to file a cross-appeal as an appellant, complying with all of the Rules of Appellate Procedure, including deadlines, applicable to appellants. Therefore, the only questions before us are those raised by appellant.

*Worsham*, 81 N.C. App. at 118, 344 S.E.2d at 99. Similarly, plaintiff cannot raise such cross-assignments for the first time in her brief to this Court. Rather, plaintiff should have filed a cross-appeal and complied with all of the appropriate appellate rules. Therefore, plaintiff's cross-assignments of error are not properly before this Court, and accordingly, this Court could not and does not review plaintiff's cross-assignments of error.

Affirmed.

Chief Judge MARTIN concurs.

Judge JACKSON concurs in a separate opinion.

JACKSON, Judge, concurring.

I concur with the majority's conclusion that the transfer of the mobile home park was supported by adequate consideration and that the mobile home park was properly classified as marital property. For the reasons stated below, however, I respectfully disagree with the majority's analysis of defendant's second assignment of error, in which defendant argued that the trial court erred in excluding portions of defendant's father's testimony, although I agree that the assignment of error should be overruled.

On direct examination, defense counsel attempted to elicit information from defendant's father regarding a "well dispute or well problem" as a possible motive for the transfer of the property. When defendant's father began to explain what "[t]he water quality people . . . said," however, plaintiff's counsel objected to the line of questioning, and the trial court sustained the objection. Viewing this incident in isolation, the majority is correct that without an offer of proof, this Court is unable to determine "the essential content or substance of the witness's testimony," *Currence v. Hardin*, 296 N.C. 95, 100, 249 S.E.2d 387, 390 (1978), and thus, we have no way to determine whether or not the trial court erred in excluding defendant's testimony.

As defendant correctly points out, however, defendant's father's later testimony on cross-examination revealed his rationale for dividing the property based on the water systems supplying the property.

PLAINTIFF'S COUNSEL: So, it was not actually your inheritance? He didn't inherit this park?

JOYCE v. JOYCE

[180 N.C. App. 647 (2006)]

DEFENDANT'S FATHER: What I intended is that that particular piece of property we cut apart and divided [sic] one water system away from another water system and I gave him the water system that is next to one of the apartments so that that could be one piece of property when and if it were divided if we wanted to divide it that way. That's what I was saying. I planned for him to have that piece of property that was adjacent to one of the apartments.

Based on this later testimony, I believe that "the significance of the [excluded testimony] is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). Accordingly, I respectfully disagree with the majority's conclusion that the issue has not been preserved for appellate review.

Although I believe the issue has been preserved for our review, I do not believe defendant has demonstrated prejudicial error from the exclusion of the testimony. Defendant contends that "the trial judge prevented the donor, Robert P. Joyce, Jr. from fully explaining his reason for deeding the property to his son when he did." However, the trial court was justified in sustaining the objection to defendant's father testifying to what "[t]he water quality people . . . said" as that constituted inadmissible hearsay not subject to any of the exceptions or exemptions provided in the Rules of Evidence. Furthermore, through the passage quoted above, defendant's father fully explained the timing and justification for his deeding the property to defendant. Defendant's father offered his explanation, defense counsel did not follow up with any additional questions, and the essential content of the excluded testimony was allowed into evidence. Defendant is correct in arguing that "[t]he evidence most relevant in determining donative intent [or the lack of donative intent] is the donor's own testimony," *Burnett v. Burnett*, 122 N.C. App. 712, 715, 471 S.E.2d 649, 651 (1996) (second alteration in original) (citation and internal quotation marks omitted), but in the case *sub judice*, the donor was permitted to testify as to his intent in the transfer.

Accordingly, defendant has not shown prejudicial error, and his assignment of error, although properly preserved for appellate review, should be overruled.