HUNTER, JR., Robert N., Judge.
Joseph Dalton ("Plaintiff") appeals from an equitable distribution order. He contends the trial court erred in valuing several pieces of property. He also contends the trial court erred in distributing nearly all of the marital assets to him, then requiring him to pay a substantial distributive award to Kristin Dalton ("Defendant") rather than ordering an in-kind distribution. For the following reasons, we vacate and remand.
I. Factual Background
Joseph and Kristin Dalton married on 17 February 2007. The couple had three children born during the marriage. At the time Plaintiff filed the complaint, both parties were employed with the United States Marine Corps. During the marriage the parties acquired three properties. The parties purchased a property on Wildflower Drive ("Wildflower") in 2009, which served as the marital residence. They also purchased a property on Davis Street ("Davis") in May of 2012, which served as a rental property. Plaintiff's family financed the purchase of this property. The parties purchased a second rental property on West Frances Street ("Frances") in August 2012, seventeen days before the date of separation.
Plaintiff testified both during the marriage and after the date of separation he worked to market the rental properties and conducted maintenance and lawn mowing. Following the separation, he continued to live in the marital home and paid the mortgage on his own. Defendant did not assist with the rental properties other than to help find the initial renters, nor did she contribute to the mortgages or other expenses.
The parties separated on 20 August 2012 and were divorced in November 2013. Plaintiff filed a complaint for divorce from bed and board, temporary joint custody, equitable distribution, and child support on 24 October 2012. Plaintiff also sought possession of the marital home. Defendant answered Plaintiff's claim for divorce and counterclaimed seeking primary custody of the children, child support, and an unequal distribution in her favor. She then filed an amended answer and counterclaim on 25 February 2013, alleging marital misconduct and seeking postseparation support and alimony.
The trial court heard the parties on their equitable distribution claims on 9 September 2016. On 22 December 2016, the trial court entered an equitable distribution order. The court ordered an unequal division of the marital estate with $184,101.00 of the marital assets distributed to Plaintiff, and $17,374.87 distributed to Defendant. The court also ordered Plaintiff to pay Defendant $83,364.00 within sixty days of the entry of the order. Plaintiff filed a timely notice of appeal from the equitable distribution order on 20 January 2017.
II. Standard of Review
"Equitable distribution is vested in the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute, will establish an abuse of discretion." Wiencek-Adams v. Adams, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (citations omitted).
III. Analysis
On appeal, Plaintiff contends the trial court committed error by: (1) incorrectly valuing the marital property interest and divisible property interest of the Davis property; (2) miscalculating the marital property interest of the Frances property; (3) incorrectly valuing the divisible property value of the Wildflower property; (4) incorrectly concluding it could only value the properties based on appraisals; (5) incorrectly valuing the marital property interest of the Honda Odyssey and failing to calculate and distribute the divisible value; (5) incorrectly valuing the marital property interest of the Dodge truck and failing to make a finding regarding its divisible value; (6) incorrectly finding the parties valued Defendant's Vanguard IRA by agreement; (7) failing to order an in-kind distribution of assets; and (8) failing to make findings regarding the costs of liquidating assets in order for Plaintiff to pay the distributive award.
Defendant agrees the trial court committed mathematical errors with regard to the valuation of the Davis and Frances properties. Defendant also concedes the order should be remanded for additional findings of fact concerning the credibility of the evidence of the value of the properties, as well as findings of fact regarding a date of separation value for the Honda Odyssey and the Dodge truck. Defendant also agrees the trial court erred in finding the parties agreed to the value of Defendant's Vanguard IRA, and in failing to make findings of fact regarding whether an in-kind distribution would be equitable.
We agree the trial court incorrectly valued several properties and erred in failing to make several findings of fact. Therefore, we vacate and remand the equitable distribution order for additional findings of fact and conclusions of law.
In Hill v. Hill, this Court summarized the role of the trial court in entering an equitable distribution order.
Upon application of a party for an equitable distribution, the trial court shall determine what is the marital property and shall provide for an equitable distribution of the marital property ... in accordance with the provisions of [ N.C. Gen. Stat. § 50-20 ]. In so doing, the court must conduct a three-step analysis. First, the court must identify and classify all property as marital [, divisible,] or separate based upon the evidence presented regarding the nature of the asset. Second, the court must determine the net value of the marital [and divisible] property as of the date of the parties' separation, with net value being market value, if any, less the amount of any encumbrances. Third, the court must distribute the marital [and divisible] property in an equitable manner.
Hill v. Hill, --- N.C. App. ----, ----, 781 S.E.2d 29, 33 (2015) (citations and quotation marks omitted). "Furthermore, in doing all these things the court must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness." Id. at ----, 781 S.E.2d at 34 (quoting Hill v. Hill (Hill I), 229 N.C. App. 511, 516, 748 S.E.2d 352, 357 (2013) ). When an equitable distribution order contains mathematical errors, this Court lacks confidence in the correctness of the entire order.
A. Valuation of the Davis Property
Plaintiff first argues the trial court erred in the valuation of the marital and divisible property interests of the Davis property. Defendant concedes the trial court incorrectly valued the marital property interest due to a mathematical error.
The trial court must value the marital property as of the date of separation by determining the net fair market value. N.C. Gen. Stat. § 50-21(b) (2015) ; Carlson v. Carlson, 127 N.C. App 87, 91, 487 S.E.2d 784, 786 (1997), disc. rev. denied, 347 N.C. 396, 494 S.E.2d 407 (1997). Here, the proper value for the marital interest in the Davis property is determined by subtracting the remaining mortgage balance from the fair market value of the property on the date of separation. The trial court found the date of separation value to be $97,500.00 and the remaining mortgage value to be $91,755.08. Therefore, the proper marital value is $5,724.92. The trial court order determining the marital property value to be $25,255.57 is erroneous and must be vacated.
Plaintiff next argues the trial court erred in valuing the Davis property divisible property interest. Divisible property is valued as of the date of distribution. N.C. Gen. Stat. § 50-21(b). Plaintiff contests finding of fact number eight, which states the parties agreed the date of trial mortgage payoff amount for the Davis property is $72,244.43. Plaintiff argues this figure is not supported by competent evidence because although the payoff amount of $72,244.43 is shown on the amortization schedule, Plaintiff testified he was behind on his loan payments, which was permitted because his parents held the note. He contends the actual amount due on the loan was $80,413.00, therefore the trial court erred in determining the divisible property interest.
Plaintiff presented evidence to controvert the value reflected in the amortization schedule when he testified the amortization schedule did not "match up" with the current amount due. Yet, the trial court did not enter specific and detailed findings, indicating how it determined the value of the property in light of the conflicting evidence presented. Therefore, this portion of the order is vacated and remanded for further findings of fact regarding the true mortgage payoff amount for this property as of the date of the trial.
B. Valuation of the Frances Property
Plaintiff next contends the trial court erred in determining the marital value of the Frances property. The marital property value is determined by subtracting the remaining mortgage balance from the fair market value on the date of separation. The trial court found the date of separation value of the property was $70,000.00 and the date of separation mortgage payoff was $55,520.88. Neither party disputes these figures. Here the proper equation is $70,000.00 minus $55,520.88 which equals $14,479.12. The trial court's decree the marital property interest equals $21,034.12 is erroneous and must be vacated.
C. Valuation of the Wildflower Property
Plaintiff next contends the trial court erred in valuing the divisible property interest of the Wildflower property. Plaintiff argues his postseparation mortgage payments were active reductions of the marital debt, and therefore not divisible property under the 2013 amendment to N.C. Gen. Stat. § 50-20(b). He also contends the trial court erred in calculating the value of the Wildflower property.
N.C. Gen. Stat. § 50-20(b)(4) defines "Divisible Property" as:
a. All appreciation and diminution in value of marital property and divisible property of the parties occurring after the date of separation and prior to the date of distribution, except that appreciation or diminution in value which is the result of postseparation actions or activities of a spouse shall not be treated as divisible property.
b. All property, property rights, or any portion thereof received after the date of separation but before the date of distribution that was acquired as a result of the efforts of either spouse during the marriage and before the date of separation, including, but not limited to, commissions, bonuses, and contractual rights.
c. Passive income from marital property received after the date of separation, including, but not limited to, interest and dividends.
d. Passive increases and passive decreases in marital debt and financing charges and interest related to marital debt.
In Lund v. Lund this Court held the language of N.C. Gen. Stat. § 50-20(b)(4)(d)"excludes from the definition of divisible property non-passive increases and decreases in marital debt and non-passive increases and decreases in financing charges and interest related to marital debt which occurred on or after 1 October 2013, the effective date of the 2013 amendment." --- N.C. App. ----, ----, 779 S.E.2d 175, 183 (2015). Because Plaintiff's mortgage payments were active decreases in the marital debt, these payments do not constitute divisible property.
In finding of fact number twelve, the trial court incorrectly determined the reduction of the principle on the Wildflower mortgage is divisible property, based on Plaintiff's "exclusive use and occupancy of the marital home and its fair market rental[.]" Under the statute, such considerations are irrelevant in determining whether the property is divisible, but the trial court could properly consider the exclusive use of the marital home as a distributional factor. Burnett v. Burnett, 122 N.C. App. 712, 716, 471 S.E.2d 649, 652 (1996).
Defendant also points out another mathematical error in the valuation of the Wildflower property. Because we vacate this portion of the trial court's order for the reasons stated above, the trial court should address all mathematical errors on remand.
D. Divisible Property Value of all Three Real Properties
Plaintiff next contends the trial court erred in determining the divisible property values of all three properties because the trial court incorrectly concluded it could only value the properties based on appraisals.
In finding of fact number nine the trial court determined the date of separation values of each of the properties. It stated in regard to the Wildflower property "[n]either party has produced an appraisal or an indication of value as of September 2016 .... Accordingly, the [c]ourt is bound by the date of separation value of $250,309.04." In regard to the Davis property the court similarly stated "[n]either party has produced a current appraisal on this property so the [c]ourt is bound by the date of separation value of $97,500.00." And in reference to the Frances property the trial court stated "[n]either party has produced a current appraisal on this property so the [c]ourt is bound by the date of separation value of $70,000.00."
The trial court can value the properties based on any competent evidence in the record; it is not required to rely on appraisals. Plaintiff contends he testified as to the value of the properties at the time of the hearing and "an owner is entitled to testify to the value of his own property unless it affirmatively appears that the owner does not know the value[.]" Responsible Citizens v. City of Asheville, 308 N.C. 255, 271, 302 S.E.2d 204, 214 (1983) (quotation marks omitted).
While this may have been the general rule, our Supreme Court in United Community Bank (Georgia) v. Wolfe recently addressed a similar issue. There, the Supreme Court held, in the context of a summary judgment motion concerning application of the North Carolina Anti-Deficiency statute, merely "asserting an unsubstantiated opinion regarding the foreclosed property's value is insufficient." --- N.C. ----, ----, 799 S.E.2d 269, 273 (2017). The same principle is true concerning the value of property in the context of an equitable distribution hearing-an unsubstantiated opinion is insufficient.
At the hearing, Plaintiff testified to the value of the Wildflower property, basing his opinion on the appraisal and sale of a similar home located on the same road. He also testified to the value of the Davis property, based on an appraisal completed a few years before the date of the hearing, as well as the tax value at the time of the appraisal. Plaintiff testified to the value of the Frances property, relying on the sale prices of similar houses in the same area. Thus, we determine Plaintiff's testimony was substantiated.
While the trial court is required to consider all competent evidence before it, it has discretion to determine whether the evidence presented is credible. Defendant concedes this portion of the order should be remanded for further findings regarding the credibility of the evidence presented to the trial court concerning the property values at the time of the hearing. We agree, and thus vacate and remand this portion of the order for the trial court to resolve this issue.
E. Valuation of the Honda Odyssey and the Dodge Truck
Both parties agree the order should be remanded for further findings regarding the date of separation value of both the Honda Odyssey and the Dodge Truck. The trial court made no findings of fact to support the date of separation value for each of these vehicles.
F. Kristin's Vanguard IRA
Plaintiff contends the trial court's finding of fact number seven is unsupported to the extent it states the parties agreed to the value of Defendant's Vanguard account. Defendant concedes the parties did not in fact agree on the figure, and the order should be remanded for further findings of fact.
G. Distributive Award
Plaintiff next argues the trial court erred in distributing almost all of the assets to him, and then requiring him to make a large distributive award to Defendant. The trial court's order distributed a total of $201,475.87, with $184,101.00 to Plaintiff, and $17,374.87 to Defendant. The trial court then ordered Plaintiff to pay Defendant a distributive award of $83,364.00 within sixty days of entry of the order. Plaintiff argues the trial court made no findings of fact supporting an un-equal division of assets.
N.C. Gen. Stat. § 50-20(e) states "it shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable. The presumption may be rebutted by the greater weight of the evidence[.]" An equal division of marital property is "mandatory 'unless the court determines that an equal division is not equitable.' " White v. White, 312 N.C. 770, 776, 324 S.E.2d 829, 832 (1985) (quoting N.C. Gen. Stat. § 50-20 ).
Here, the trial court failed to enter findings of fact indicating an in-kind distribution would not be equitable. If the trial court determines the presumption has been rebutted by the greater weight of the evidence and Plaintiff must pay a distributive award, it also must enter findings regarding the transactions and costs of liquidation.
This Court has held when the defendant is required "to pay the distributive award from a non-liquid asset or by obtaining a loan, the equitable distribution award must be recalculated to take into account any adverse financial ramifications such as adverse tax consequences." Embler v. Embler, 159 N.C. App. 186, 188-89, 582 S.E.2d 628, 630 (2003). "[T]he court is required to consider the liabilities of each party when making an equitable distribution." Geer v. Geer, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). Thus, we also vacate and remand this portion of the order for additional findings of fact regarding whether an equal distribution of assets is equitable, and if the trial court concludes an equal distribution is not equitable, it should also enter findings of fact and conclusions of law concerning the transactions and costs of liquidation.
IV. Conclusion
For the foregoing reasons, we vacate in part and remand the trial court's order.
VACATED AND REMANDED.
Report per Rule 30(e).
Judges INMAN and BERGER concur.